## State v. Stirnkorb
*[Cite as 7 AOA 554]*

Case No. CA89-08-076, CA89-11-098
Clermont County, (12th)
Decided September 4, 1990

Anthony J. Celebrezze, Jr., Ohio Attorney General, E. Dennis Muchnicki, Charles R. Dyas, Jr., Philip E. Haffenden and Shane Farolino, 30 East Broad Street, 25th Floor, Columbus, Ohio 43266-0410, and Donald W. White, Clermont County Prosecutor, 123 North Third Street, Batavia, Ohio 45103, for Plaintiff-Appellee/Cross-Appellant.

Leo J. Breslin and Steven E. Martin, Lindhorst & Dreidame, 1700 Central Trust Center, 221 East Fifth Street, Cincinnati, Ohio 45202-4116, and Richard M. Markus, Porter, Wright, Morris & Arthur, 1700 Huntington Building, Cleveland, Ohio 44115-1405, for Defendant-Appellant/Cross-Appellee.

*Per Curiam.*

Defendant-appellant, John Stirnkorb, appeals from a conviction in the Clermont County Court of Common Pleas on ten counts of illegally disposing hazardous waste and related charges. The conviction stems from the alleged discharge in 1984 of 27,000 gallons of contaminated water from a hazardous waste holding cell into a tributary of Pleasant Run Creek in Clermont County. At the time of the offenses, appellant was on site supervisor for CECOS International, Inc. ("CECOS"), which company was licensed to operate a hazardous waste disposal facility in the state of Ohio.

This is not our first treatment of the issues arising out of these facts. See *State v. CECOS Internatl., Inc.* (May 26, 1987), Clermont App. No. CA86-03-017, unreported, reversed and remanded in *State v. CECOS Internatl., Inc.* (1988), 38 Ohio St. 3d 120 (regarding discovery of grand jury testimony); *State, ex rel. Celebrezze, v. CECOS Internatl., Inc.* (Mar. 19, 1990), Clermont App. No. CA90-01-003, unreported (regarding the state's discovery of CECOS's internally-generated audits in a related civil action); *State v. CECOS Internatl., Inc.* (Sept. 4, 1990), Clermont App. No. CA89-06-049, -050, and -051, unreported (regarding double jeopardy issues surrounding state's attempt to retry after declaration of mistrial).

The instant appeal originated in March 1985 with the state's issuance of four twenty-four count indictments against appellant, CECOS, its parent company Browning-Ferris Industries ("Browning Ferris"), and environmental manager Allan Orth. The indictments charged that the above-named parties had pumped accumulated rainwater from the surface of an uncapped hazardous waste cell into a drainage ditch leading to the Pleasant Run Creek. Trial commenced in October 1988 in the Clermont County Court of Common Pleas.

At the conclusion of the state's case, the state rested, and all four defendants moved to dismiss the action under Crim. R. 29(A). The trial court denied this motion.[1] Appellant then rested without presenting a defense. His renewed motion to dismiss under Crim. R. 29(B) was also denied. The other defendants, CECOS, Browning- Ferris and Orth, then presented their defenses with the trial court's assurances to appellant that evidence presented by those parties would not affect its disposition of the case against appellant. The action against

CECOS, Browning- Ferris and Orth culminated in a mistrial, however. See *State v. CECOS* (Sept. 4, 1990), *supra.*

In a one-hundred-eight page decision released May 15, 1989, the trial court convicted appellant on ten counts of violating hazardous waste and other laws. Specifically, the trial court found appellant guilty under five separate charges, with the violations having occurred on two separate occasions. This resulted in a ten-count conviction.

The trial court found the following violations to have occurred on November 1 and November 6, 1984:

(1) Illegal disposal of hazardous waste under R.C. 3734.02(F);

(2) Illegal disposal of hazardous waste without prior analysis as required under R.C. 3734.11 and O.A.C. 3745-65-13;

(3) Illegal pollution, as defined in 6111.01(A), of Water of the State of Ohio, under R.C.6111.04;

(4) Violation of hazardous waste facility and operations permits contra R.C. 3734.11; and

(5) Violation of terms and conditions requiring compliance with performance standards of a hazardous waste facility installation and operation permit issued to CECOS under R.C. 3734.11.

In addition, each of these counts was raised under the purview of R.C. 2901.24, which reads as follows:

"(A) An officer, agent, or employee of an organization as defined in section 2901.23 of the Revised Code may be prosecuted for an offense committed by such organization, if he acts with the kind of culpability required for the commission of the offense, and any of the following apply:

"(1) In the name of the organization or in its behalf, he engages in conduct constituting the offense, or causes another to engage in such conduct, or tolerates such conduct when it is of a type for which he has direct responsibility;

"(2) He has primary responsibility to discharge a duty imposed on the organization by law, and such duty is not discharged.

"(B) When a person is convicted of an offense by reason of this section, he is subject to the same penalty as if he had acted in his own behalf."

Upon its determination of guilt, the trial court sentenced appellant to an actual sentence of two consecutive six-month jail terms and four concurrent six-month terms, for a total of one year's imprisonment. In addition, appellant was fined $30,000. However, the court imposed a five-year probation period, an optional one thousand five hundred hours of community service, with six days credit for each ten hours of service to reduce jail time, and $100 of credit for each ten hours served to be applied toward the fine. Appellant's sentence is the subject of a cross-appeal by the state.

Appellant has timely filed the instant appeal and assigns the following as error:

"Assignment of Error No. 1.
"THE TRIAL COURT ERRONEOUSLY DENIED DEFENDANT'S MOTIONS TO DISMISS THE CHARGES PURSUANT TO CRIM. R. 29(A) AND 29(B), WHEN THE STATE FAILED TO PROVE ESSENTIAL ELEMENTS OF THE CLAIMED OFFENSES.

"Assignment of Error No. 2.
"THE TRIAL COURT ERRONEOUSLY CONVICTED THE DEFENDANT WHEN THE STATE FAILED TO PRESENT SUFFICIENT EVIDENCE TO ESTABLISH ESSENTIAL ELEMENTS OF THE OFFENSES BEYOND A REASONABLE DOUBT.

"Assignment of Error No. 3.
"THE DEFENDANT'S CONVICTIONS ARE CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE.

"Assignment of Error No. 4.
"THE TRIAL COURT EXPRESSLY RELIED ON FINDINGS WHICH DO NOT SUPPORT THE JUDGMENT AND WHICH LACK SUPPORT FROM THE EVIDENCE.

"Assignment of Error No. 5.
"OVER OBJECTION, THE TRIAL COURT ERRONEOUSLY ADMITTED AND EXPRESSLY RELIED UPON INADMISSIBLE OPINION TESTIMONY.

"Assignment of Error No. 6.
"THE TRIAL COURT ERRONEOUSLY DENIED DEFENDANT'S MOTION FOR A NEW TRIAL, WHERE THE STATE WITHHELD CRITICAL EXCULPATORY LABORATORY EVIDENCE DESPITE REPEATED DISCOVERY REQUESTS AND ORDERS."

## I. Appeal By Stirnkorb

### A.

For his first three assignments of error, appellant essentially charges that the state failed to prove every element of every offense beyond a reasonable doubt resulting in the trial court's error in finding him guilty. Specifically, appellant argues that the state failed to show that:

(1) he disposed of hazardous waste away from a facility with a hazardous waste disposal permit;

(2) he polluted public waters;

(3) he violated a hazardous waste facility operations permit;

(4) he caused or tolerated an organizational offense for which he could be criminally liable; and

(5) he acted recklessly.

Because these first three assignments of error rely upon an evidentiary review, we will address the issues they raise together.

Preliminarily, we note that in an appeal questioning the sufficiency or weight of the evidence, we may not reverse "where there is substantial evidence upon which the court could reasonably conclude that all the elements of an offense have been proven beyond a reasonable doubt. " *State v. Eskridge* (1988), 38 Ohio St. 3d 56, 59. Our review of the record in the instant action convinces us that substantial evidence was presented to the trial court from which the court could conclude that the state proved its case beyond a reasonable doubt.

First, our reading of the decision of the court below indicates that the court properly considered evidence presented by the state that rainwater pumped from the surface of an uncapped hazardous waste cell was likely to have mixed with the hazardous waste and thus become hazardous waste as well. Appellant argues that soil and water samples taken some days after the pumping did not indicate beyond a reasonable doubt that mixture had occurred; however, the trial court disagreed and found that traces of phenol, toluene, and cyanide in the samples suggested some mixture had taken place.

Moreover, the court properly rejected appellant's assertion that because no harm had apparently resulted from the pumping, the state could not prove hazardous waste had been pumped. The court found that injury was not an element of the offense so that a failure to prove injury did not necessarily indicate that appellant was innocent.

Finally, we agree with the court that the drainage ditch did not constitute part of the disposal site, both under CECOS's operating permit and under a common sense theory. The state clearly met its burden of showing that the location to which the run-off water was pumped was away from the permitted facility since CECOS was required by law to place hazardous materials only in the storage cells themselves, and not merely at any location as long as it was a part of CECOS's property.

We also believe that the trial court properly found that the state showed that appellant had polluted the waters of the state of Ohio, since according to the definition set forth in R.C. 6111.01, waters of the state can include drainage systems. The trial court determined that since the drainage ditch led to Pleasant Run Creek, it was part of a drainage system as defined in the statute.

Appellant additionally argues that the state did not prove he had violated a hazardous waste facility operations permit. The gist of this argument is that the state failed to identify a specific term in the permit which appellant failed to follow. Keeping in mind our standard of review as enunciated in *Eskridge, supra,* we find that the trial court properly considered all of the facts in concluding that a permit violation had occurred. R.C. 3734.11(B) provides that "[n]o person who holds a permit or license issued under this chapter shall violate any of the terms and conditions of the permit or license." Because appellant was found guilty of disposing hazardous waste illegally under the other counts, the trial court had before it substantial evidence to prove that a hazardous waste permit had been violated.

Appellant also charges that he could not be liable for causing or tolerating an organizational offense because he was not "high managerial personnel" as that phrase is defined in *State v. CECOS Internatl., Inc.* (1988), 38 Ohio St. 3d 120. In that case, the supreme court addressed the question of which corporate employees could impute liability to the corporation for the purpose of determining whether their grand jury testimony was discoverable as being that of the corporation itself. Interpreting R.C. 2901.23(A) (4), the court found that "a business entity may be found guilty of a criminal offense only if the criminal act or omission was approved, recommended, or implemented by

high managerial personnel with actual or implied authority to approve, recommend or implement same." *Id.* at 124.

Appellant's reliance upon *CECOS, supra,* is not well-taken.

Appellant's conviction rested upon R.C. 2901.24, which imposes liability upon an employee, regardless of his status within the organization, as long as he can be found personally liable for an offense committed while in the scope of his employment. R.C. 2901.24 does not require the accused to be "high managerial personnel" in order to incur personal liability. The purpose of the statute, as set forth in the Committee Comment to H511, is to eliminate "the possibility under Ohio case law that individuals as well as corporations may use the corporate structure as a shield from liability for criminal acts." The statute supports the "general rule" in Ohio that "an individual is responsible for his offenses, even if committed in the name of a corporation and in its behalf." Committee Comment to H511.

We find that the trial court reasonably found appellant was responsible for his own criminal acts under R.C. 2901.24, independent of the state's strategy with regard to imputing liability upon the corporate entity under R.C. 2901.23.

As his final example of the alleged evidentiary deficiencies of the case against him, appellant argues that the state failed to prove that he acted recklessly. Again, we find that the trial court had before it substantial credible evidence from which it could reasonably conclude that all the elements have been proven beyond a reasonable doubt. The trial court found appellant had "perversely disregard[ed] a known risk that his conduct [was] likely to cause a certain result," when he ordered the pumping of the rainwater from the uncapped cell. R.C. 2901.22(C). The trial court determined that appellant had acted recklessly because his "experience, training, and duties in the placement of waste, his knowledge of the contingency plan and stormwater management plan, as well as his knowledge of the advisory opinions and 'caveats' sent down from Ohio and U.S. EPA on issues where he had responsibility" all indicated that he knew that pumping the collected rainwater into the drainage ditch without first ascertaining whether the cell was, in fact, capped or whether the water was, in fact, contaminated, could result in perpetration of the offenses with which he was ultimately charged. Yet he ordered the pumping anyway. The trial court correctly found that this constituted recklessness.

Because we find that the trial court had before it sufficient credible evidence pointing to the guilt of appellant, we cannot say that his conviction was against the manifest weight of the evidence. We, therefore, overrule appellant's first three assignments of error.

B.

In his fourth assignment of error, appellant directs us to several statements, or factual findings, by the trial court which he alleges do not support the judgment because they are not supported by the evidence.

Again, our standard of review is whether substantial evidence was presented from which the trial court could find each element of the offenses had been proven beyond a reasonable doubt. *Eskridge, supra.* In addition to repeating many of the allegations of the first three assignments of error, appellant's argument in this fourth assignment of error fails to establish that but for the asserted errors, appellant would not have been convicted. See *State v. Cooperrider* (1983), 4 Ohio St. 3d 226, 227. We therefore overrule appellant's fourth assignment of error.

C.

For his fifth assignment of error, appellant argues that the trial court erred in admitting and relying upon inadmissible opinion testimony. Appellant refers to the trial court's admission and adoption of testimony by EPA administrator, Richard Shank that rainwater which contacts hazardous waste becomes itself hazardous waste and that the water appellant ordered to be pumped was therefore hazardous. Appellant argues that this testimony asserts matters of law which were the province of the court to determine.

The supreme court has determined that decisions regarding the admissibility of expert testimony must be left in the hands of the trial court, which must decide on a case by case basis whether expert testimony is relevant and will assist the trier of fact. *State v. Williams* (1983), 4 Ohio St. 3d 53, syllabus. In so doing, the trial court is guided by the rules of evidence, which merely stipulate that expert testimony must be relevant and must assist the trier of fact in determining a fact in issue. *Id.* at 58.

We believe that Shank's testimony reasonably met this criteria. Moreover, testimony on an ultimate issue is not *per se* inadmissible in Ohio, and the decision whether to admit is

within the sound discretion of the trial court. *Bostic v. Connor* (1988), 37 Ohio St. 3d 144, 148. Where the trier of fact cannot be said to be sufficiently familiar with the facts so as to be able to draw inferences from them, conclusory testimony is admissible. *State Auto Mutual Co. v. Chrysler Corp.* (1973), 36 Ohio St. 2d 151, 159.

Considering the substantial evidence presented in addition to Shank's testimony, we cannot say that the outcome of the trial would have been different even if the trial court abused its discretion in admitting Shank's conclusions -- which we believe the court did not. We therefore overrule appellant's fifth assignment of error.

D.

Appellant's sixth assignment of error charges that the trial court abused its discretion in denying his motion for a new trial since the state had allegedly withheld exculpatory evidence. Appellant points to evidence presented by the state's expert, Ed Stafford, that the sample taken from a puddle near the pump hose contained phenol. According to appellant, the state did not reveal until after appellant had rested that the test results were not as accurate as they originally had been presented as being. At this point, appellant moved for a new trial, which motion was denied.

The test for determining whether prosecutorial failure to reveal evidence favorable to the accused constitutes reversible error is whether "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Bagley* (1985), 473 U.S. 667, 682, 105 S.Ct. 3375, 3383. See also, *Columbus v. Forest* (1987), 36 Ohio App. 3d 169, 172.

As the state points out, the trial court in the instant case did not need to rely solely upon the results of the sample at issue to find appellant guilty of the offenses with which he was charged. Other tests revealed the presence of other chemicals, and the state had presented evidence regarding the mixture rule. We cannot say that the result of the trial would not have been the same had the information been presented by the state prior to, rather than after, appellant's decision to rest his case. We thus overrule appellant's sixth assignment of error.

II. Cross-Appeal by the State of Ohio

The state has filed a cross-appeal alleging that the trial court violated the mandatory minimum sentencing provisions of R.C. 3734.99. The state argues that the trial court abused its discretion by suspending sentence on each of the counts and by imposing probation which, if followed, would reduce or eliminate the incarceration and fines actually imposed.

Cross-appellee Stirnkorb argues that the minimum sentence provisions of R.C. 3734.99 are not mandatory but are subject to interpretation under R.C. 2929.51, allowing modification of sentence, and R.C. 2951.02, allowing probation and/or suspension of sentence.

R.C. 3734.99 prescribes the various penalties for violators of Ohio's hazardous waste laws. R.C. 3734.99(A) provides as follows:

"Except as otherwise provided in divisions (B), (C), and (D) of this section, *whoever recklessly violates any section of this chapter,* except section 3734.18, 3734.57, or 3734.60 of the Revised Code *is guilty of a felony and shall be fined at least ten thousand dollars, but not more than twenty-five thousand dollars, or imprisoned for at least two years, but not more than four years, or both.* Whoever violates section 3734.18 or 3734.57 of the Revised Code shall be fined not more than ten thousand dollars. Each day, of violation constitutes a separate offense." (Emphasis added.)

The trial court in the case at bar understood this sentencing provision to be subject to interpretation in light of probation and suspension statutes in Title 29 of the Ohio Revised Code. Thus, the court suspended most of the sentences, leaving intact only one year of incarceration and a $30,000 fine, both of which the trial court subjected to probationary treatment.

This court has recently resolved the question of whether R.C. 3734.99 effectively creates a mandatory sentence requirement. In *State v. Air Clean Damper Co., Inc.* (Mar. 5, 1990), Clermont App. No. CA89-04-024, unreported; motion to accept jurisdiction overruled (July 25, 1990), Ohio Sup. Ct. 90-723, this court held that the trial court has the authority to suspend a fine imposed under R.C. 3734.99. In so holding, we found that the legislature did not indicate in the statute a "clearly manifested intent that the fines imposed under R.C. 3734.99 cannot be suspended." *Id.*

Applying the reasoning set forth in *Air Clean Damper* to the facts herein, we additionally conclude that just as the trial court may suspend a fine under R.C. 3734.99, the court also has the discretion to suspend a sentence of imprisonment imposed under that statute.

We find no abuse of discretion in the trial court's sentencing decisions in the instant case, and so reject the state's assignment of error in its cross-appeal.

The assignments of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, affirmed.

JONES, P.J., HENDRICKSON and YOUNG, J.J., concur.

---

[1] However, the trial court did grant the motion to dismiss as to count two of the original indictment. The court determined that the state failed to make out a prima facie case under this' count's charge that the defendants had violated regulations promulgated under O.A.C. 3745-52-1 *et seq.*, since CECOS was not established to have been a generator of hazardous waste, a prerequisite under the administrative code. This determination also affected a portion of the last count of the indictment.