JOURNAL ENTRY and OPINION
 I.
Defendants-appellants Dale Steiner, Richard Moran and American EnvironmentalCoatings (AEC) were indicted separately on September 27, 2000 for their alleged illegal disposal of hazardous waste (R.C. 3734.02) and for criminal endangering (R.C. 2909.06). Moran was the owner of AEC and Steiner was an employee. The three cases (Cuyahoga county common pleas nos. 396520, 396521 and 396522) were consolidated for trial before the judge, who eventually declared sua sponte a mistrial without prejudice. The case was prosecuted again, this time to completion, and appellants were found guilty. Appellants argue that the trial court's sua sponte declaration of mistrial and the subsequent second trial violated their double jeopardy rights. Appellant Moran argues further that the trial court abused its discretion in imposing his sentence.
 II.
The mistrial declaration was based on the discovery problems that arose before and during trial. The crux of the dispute was the supplemental discovery that the state sent to appellants soon before trial was scheduled to begin. This discovery included documents used by the state's expert. The state claims it sent the discovery December 11, 2000 and has a certified mail receipt signed by D. Hayes as evidence. Appellants counter that they never received the discovery and that there was no person named D. Hayes working in the office of appellants' counsel. Appellants maintain that they did not receive this supplemental discovery until December 18, 2000, the day before trial.
Appellants also mention allegedly exculpatory statements that were not turned over in a timely fashion. Appellants had difficulty obtaining these statements from the Ohio Environmental Protection Agency. Appellants claim in their brief that the prosecutors told the Ohio EPA not to turn over the documents because they were not public record. The state counters that the appellants attempted to misuse the public records statute to obtain information that the state contends was protected from disclosure.
Further, appellants complain about the state's failure to identify witnesses until immediately before trial. The state counters that it had not interviewed one of the witnesses until December 11, 2000, which was immediately before trial.
On December 21, 2000, the parties agreed to pursue diversion through the Cuyahoga county prosecutor's office diversion program. The case was stayed until January 24, 2001. No agreement was ever reached. On March 28, 2001, the appellants filed a motion to dismiss the indictment or, in the alternative, to require the state to enforce the settlement and/or to execute the plea bargain. The court denied the appellants' motion on March 29th. The trial continued to April 2, 2001, when the trial court sua sponte declared a mistrial without prejudice.
Appellants had previously filed numerous motions to dismiss and/or suppress and/or for sanctions and, as they describe it, vehemently objected to the mistrial being made without prejudice. They argue that the state's discovery omissions, which included naming witnesses on the eve of trial and allegedly threatening other witnesses with indictments, warranted a mistrial with prejudice and that the state gained an unfair advantage in retrying the case.[1]
After the original trial judge recused himself, the matter was prosecuted before a new judge beginning September 27, 2001. On October 12, 2001, the court entered its verdict after the jury found all appellants guilty of both counts. The trial court imposed sentences on November 9, 2001 and appellants timely bring this appeal. The state counters with two cross-assignments of error.
 III. A.
Where the trial judge sua sponte declares a mistrial, double jeopardy does not bar retrial unless the judge's action was instigated by prosecutorial misconduct designed to provoke a mistrial, or the declaration of a mistrial constituted an abuse of discretion. State v. Glover (1988), 35 Ohio St.3d 18, 517 N.E.2d 900, paragraph one of the syllabus.
 1.
Appellants argue that the state's action regarding discoveryis exactly the type contemplated by the Supreme Court in Glover. The trial court, however, in its April 9th order, found that the discovery provided by the state does not in and of itself constitute a violation of any specific provision of the Ohio Civil [sic] Rules, the Local Rules * * *, or any order entered in these cases. The trial court did acknowledge discovery problems and allowed the appellants to, among other things, re-cross-examine witnesses who had not originally been named by the state as potential witnesses. The trial court also not[ed] that [its decision to declare a mistrial] is not pursuant to conduct by the State, done with the intention to goad the defendant into * * * requesting a mistrial.[2]
Prosecutorial conduct that might be viewed as harassment or overreaching, even if sufficient to justify a mistrial on defendant's motion, therefore, does not bar retrial absent intent on the part of the prosecutor to subvert the protections afforded by the Double Jeopardy Clause. Oregon v. Kennedy (1982), 456 U.S. 667, 675-676. Further, [o]nly where the governmental conduct in question is intended to `goad' the defendant into moving for a mistrial may a defendant raise the bar of double jeopardy to a second trial after having succeeded in aborting the first on his own motion. Id. at 676.
While there may have been misconduct by the state in failing to timely turn evidence over, there is a lack of evidence in the record showing that the state intended to goad the appellants into seeking a mistrial or the court into declaring one. Therefore, the declaration of mistrial passes the first part of the Glover analysis.
 2.
The trial court's basis for declaring a mistrial is important. The court's order stated:
 As I noted to counsel in chambers, to proceed with this trial in its present state, would give several issues for the Court of Appeals. While I am certainly not afraid of having my decisions reviewed by them, I see no reason to send a case on appeal, if we can avoid error in the first place. Accordingly, it is my decision to declare a mistrial, noting that it is not pursuant to conduct by the State, done with the intention to goad the defendant into * * * requesting a mistrial.
The Supreme Court has stated:
 While virtually all of the cases turn on the particular facts and thus escape meaningful categorization, see Gori v. United States, supra; Wade v. Hunter, supra, it is possible to distill from them a general approach, premised on the "public justice" policy enunciated in United States v. Perez, to situations such as that presented by this case. A trial judge properly exercises his discretion to declare a mistrial if an impartial verdict cannot be reached, or if a verdict of conviction could be reached but would have to be reversed on appeal due to an obvious procedural error in the trial. If an error would make reversal on appeal a certainty, it would not serve "the ends of public justice" to require that the Government proceed with its proof when, if it succeeded before the jury, it would automatically be stripped of that success by an appellate court. This was substantially the situation in both Thompson v. United States, supra, and Lovato v. New Mexico, supra. While the declaration of a mistrial on the basis of a rule or a defective procedure that would lend itself to prosecutorial manipulation would involve an entirely different question, cf. Downum v. United States, supra, such was not the situation in the above cases or in the instant case.
Illinois v. Sommerville (1973), 410 U.S. 458, 464. See, also, State v. Davis (1975), 44 Ohio App.2d 335, 338 N.E.2d 793, paragraph one of the syllabus (A trial court properly exercises its discretion in declaring a mistrial if an impartial verdict cannot be reached or if a verdict of guilty could be reached, but would have to be reversed on appeal due to an obvious procedural error at trial. Under these circumstances the declaration of a mistrial is based on "manifest necessity" and another trial of the defendant will not be barred by the double jeopardy clause of the fifth amendment to the United States Constitution.).
While defendants do have the right to avoid double jeopardy, the public has a right to a full opportunity to attempt convicting those suspected of criminal behavior. Wade v. Hunter (1949), 336 U.S. 684, 688-689 ([A] defendant's valued right to have his trial completed by a particular tribunal must in some instances be subordinated to the public's interest in fair trials designed to end in just judgments.). As the state points out, excluding key evidence would have denied the state a full opportunity to try its case.
In other words, manifest necessity exists where a criminal trial that could end in conviction contains procedural errors that would provide grounds for reversal. The trial court did not abuse its discretion in declaring a mistrial without prejudice and has satisfied the second part of the Glover analysis.[3]
 B.
Appellants further argue that the (second) trial court abused its discretion in imposing the sentence of appellant Moran. The trial court sentenced Moran to four years incarceration for Count 1 (R.C. 3734.02(F)), sentence suspended and Moran placed on two years community control sanctions; 90 days for Count 2 (violating R.C. 2909.06), with two years probation to be served concurrently with Count 1. The trial court also stated that Moran was to comply with the general conditions of probation as well as with the following special conditions to wit: [Moran] is to complete 750 hours of community work service; [Moran] is to pay costs and $200 probation fee. Further, Moran was ordered to pay a fine of $20,000.
Moran argues (1) that R.C. 2929.51 applies to sentences imposed under R.C. 3734.99 and (2) that the court's issuance of stays of the felony sentences was designed to avoid review under the felony sentencing guidelines.
First, cases[4] cited by Moran in support of his argument interpreted the application of former R.C. 2929.51 to R.C. 3734.99 and are inapposite because former R.C. 2929.51 allowed for the suspension of felony sentences, while the current statute allows for the suspension of sentences imposed for misdemeanor violations. Here, the court suspended the four-year sentence imposed for the felony violation of R.C. 3734.99
and placed Moran on two years of community control sanction. This is allowed pursuant to R.C. 2929.15.
Second, those sentences allowed in R.C. 3734.99 stand alone[5] and are not subject to all of the (specific) guidelines in Chapter 2929. of the Revised Code. See, e.g., State v. Jackson (Dec. 1, 1997), Lawrence App. No. 97CA2 (R.C. 2929.12(A) expressly applies only when `a court * * * imposes a sentence under this chapter.'). The Lawrence County court agreed that the trial court must comply with the overriding purposes of felony sentencing outlined in R.C. 2929.11, because that section does not contain a qualifier (as other sections do) and applies to felony sentencing that does not arise only under this [2929.] chapter. Id. Further, as both sides concede, the violation of the environmental statutes results in an unspecified felony, rendering compliance with the specific felony sentencing guidelines impossible.
Finally, the state agrees with Moran that the court improperly imposed 750 hours of community service as part of Moran's sentence as to Count 2. The statute allowing the imposition of community service states that the period of the work as fixed by the court shall not exceed an aggregate of two hundred hours. R.C. 2951.02(F)(1)(a). Therefore, the trial court is instructed to correct, in conformity with the statute, that portion of its sentence imposing 750 community service hours; to wit, to impose no more than two hundred hours of community service.
 IV.
Appellee's Cross-Assignments of Error
The state brings two assignments of error through which it argues (1) that the trial court erred by not compelling the appellants to produce a videotape that appellants had made in an effort to recreate the scene of the alleged crime and (2) that the trial court erred in allowing the appellants to present evidence of alternative methods to commit a crime.
These assignments are not well taken. In a criminal case, the state may appeal as a matter of right only a trial court's (1) motion to dismiss all or part of an indictment, complaint, or information, (2) motion to suppress evidence, (3) motion for the return of seized property, or (4) grant of postconviction relief pursuant to R.C. 2953.21 to R.C. 2953.24. R.C. 2945.67(A). For any other appeal, the state must get leave of the appellate court. See, e.g., State v. Fisher (1988), 35 Ohio St.3d 22,517 N.E.2d 911. The state's assignments here are not those allowed without leave. Because the state has failed to get leave of this court, its assignments are dismissed for lack of jurisdiction.
 V. Conclusion
Appellants' argument that their double jeopardy rights were violated is not well taken. Appellant Moran's argument that the trial court improperly imposed 750 hours of community service is well taken in light of R.C. 2951.02(F)(1)(a). Finally, the state's appeal is dismissed for a lack of jurisdiction. Therefore, we affirm the judgment of the trial court but reverse the community service portion of the sentence. The trial court is therefore instructed to correct its judgment entry relative to the community service hours portion of the sentence so as to conform with R.C. 2951.02(F)(1)(a).
This case is affirmed in part, reversed in part and remanded for resentencing.
It is ordered that appellants recover of appellee their costs herein taxed.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for the limited purpose of correcting the community service hours portion of the sentence.
MICHAEL J. CORRIGAN PRESIDING JUDGE ANN DYKE, J., and JAMES J. SWEENEY, J., CONCUR.
[1] Appellants argue that the state gained knowledge of the defense strategy during the first trial and thereby gained an advantage for the second trial.
[2] The appellants argue that the trial court's description of the state's actions is not binding on this court for purposes of review. They rely on the Sixth District's decision in Ohio v. Owens (1998),127 Ohio App.3d 65, 711 N.E.2d 767, which states, [f]or purposes of review on appeal, a trial court's characterization of its own action cannot control the classification of the prosecutorial conduct. The cases cited in that opinion and similar cases, however, hold that a trial court's characterization of its own action does not control the classification of the trial court's action. See, e.g., United States v. Scott (1978), 437 U.S. 82. In any event, this court will affirm correct decisions of lower courts even if they are based on erroneous reasons. See State ex rel. Carter v. Schotten (1994), 70 Ohio St.3d 89, 92,637 N.E.2d 306, 309.
[3] Appellants' argument that they were prevented from calling certain witnesses because of the state's threat to indict them is not persuasive. Appellants argue that the state's threat raised the possibility that they would have to exercise their Fifth Amendment right not to testify. The Fifth Amendment, however, does not apply only after one has been indicted. A witness may exercise his Fifth Amendment right not to testify any time his testimony could tend to incriminate him. Lefkowitz v. Turley (1973), 414 U.S. 70, 77 (The [Fifth] Amendment not only protects the individual against being involuntarily called as a witness against himself in a criminal prosecution but also privileges him not to answer official questions put to him in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate him in future criminal proceedings.), citing McCarthy v. Arndstein (1924), 266 U.S. 34, 40.
[4] State v. Air Clean Damper Co. (1990), 63 Ohio App.3d 656 and State v. Stirnkorb (1990), 63 Ohio App.3d 778.
[5] The statute provides that one who recklessly violates the applicable sections is guilty of a felony and shall be fined at least ten thousand dollars, but not more than twenty-five thousand dollars, or imprisoned for at least two years, but not more than four years, or both. R.C. 3734.99.