THE STATE OF OHIO, APPELLANT, *v.* FISHER, APPELLEE.

[Cite as State *v.* Fisher (1988), 35 Ohio St. 3d 22.]

(No. 87-613—Decided January 13, 1988.)

*Robert L. Herron,* prosecuting attorney, and *Melissa Byers,* for appellant.

*Joseph J. Baronzzi,* for appellee.

HERBERT R. BROWN, J. The central issues in this case are whether the state has an appeal as of right from the order granting shock probation and, if not, whether the decision to deny leave to appeal lies within the discretion of the appellate court.

Preliminarily, we concede validity to the state's claim that the trial court erred in granting shock probation to the appellee. The authority of the court to grant shock probation pursuant to R.C. 2947.061 is subject to the restrictions contained in R.C. 2951.02 to 2951.09. The criteria for and against probation or suspension of sentence are set forth in R.C. 2951.02. Division (F)(5) of this section prohibits placing an offender on probation or otherwise suspending a sentence of imprisonment if the offender is "sentenced to a term of actual incarceration."[4] The appellee herein was sentenced to a term of actual incarceration of three years and, consequently, was ineligible for shock probation.

However, we are unable to correct the error of the trial court because the legislature has not given the state an absolute right of appeal as applied to the circumstances of this case. The decision to grant or deny leave to appeal to the state rests solely within the discretion of the court of appeals. Accordingly, we affirm the decision of the court of appeals.

I

Section 3(B)(2), Article IV of the Ohio Constitution sets forth the appellate jurisdiction of the courts of appeals. It provides in relevant part: "Courts of appeals shall have jurisdiction *as may be provided by law to* re-

---

[4] R.C. 2951.02 states in relevant part:

"(F) An offender shall not be placed on probation or otherwise have his sentence of imprisonment suspended pursuant to division (D)(2) or (4) of section 2929.51 of the Revised Code when any of the following applies:

"* * *

"(5) The offender is not eligible for probation or shock probation pursuant to division (C) of section 2903.06 or 2903.07 of the Revised Code *or is sentenced to a term of actual incarceration."* (Emphasis added.)

view and affirm, modify, or *reverse judgments or final orders* of the courts of record inferior to the court of appeals within the district * * *." (Emphasis added.) The provision has been interpreted to mean that the state has no absolute right of appeal in a criminal matter unless specifically granted such right by statute. *State* v. *Simmons* (1892), 49 Ohio St. 305, 31 N.E. 34; *Mick* v. *State* (1905), 72 Ohio St. 388, 74 N.E. 284, paragraph one of the syllabus; *State* v. *Hughes* (1975), 41 Ohio St. 2d 208, 210, 70 O.O. 2d 395, 397, 324 N.E. 2d 731, 733. The state argues that it had such a right of appeal pursuant to either R.C. 2953.05 or 2945.67. We disagree.

### A

R.C. 2953. 05[5] provided that an appeal may be filed as a matter of right within thirty days after "an order placing the defendant on probation and suspending the imposition of sentence in felony cases." On its face, this statute merely sets forth the time requirement for the appeal. It did not purport to define "appeal of right." Nonetheless, the state contends that this provision specifically granted a right of appeal from an order placing a defendant on shock probation and suspending the remaining sentence and so controls over the general grant of appeal embodied in R.C. 2945.67.

In *Toledo* v. *Crews* (1963), 174 Ohio St. 253, 22 O.O. 2d 290, 188 N.E. 2d 592, syllabus, we held that "[t]here is no right of appeal in a criminal case involving a charge of violation of a municipal ordinance except from a judgment of conviction." In reaching this holding, we stated that the thrust of R.C. 2953.02 to 2953.13 clearly in-

dicates that the legislature "was contemplating appeals by defendants and not by the state." *Id.* at 255, 22 O.O. 2d at 291, 188 N.E. 2d at 593. (See, also, *State* v. *Huntsman* [1969], 18 Ohio St. 2d 206, 47 O.O. 2d 440, 249 N.E. 2d 40, syllabus, holding that R.C. 2953.02 to 2953.14 do not provide for an appeal as of right by the state from the action of a trial judge in granting a defendant's motion for a new trial.) We conclude that R.C. 2953.05 did not grant a right of appeal to the state from an order granting the appellee shock probation.

### B

R.C. 2945.67(A) delineates the circumstances under which the state may prosecute an appeal in a criminal matter. The section provides in part:

"A prosecuting attorney * * * *may appeal as a matter * * * [of] right any decision of a trial court in a criminal case * * * which decision* grants [1] a motion to dismiss all or any part of an indictment, complaint, or information, [2] a motion to suppress evidence, or [3] a motion for the return of seized property or [4] *grants post conviction relief pursuant to sections 2953.21 to 2953.24* of the Revised Code, *and may appeal by leave of the court* to which the appeal is taken *any other decision,* except the final verdict, of the trial court in a criminal case * * *." (Emphasis added.)

Under this statute, an absolute right of appeal is granted to the state in four situations. The state argues that it has an absolute right of appeal pursuant to this section because shock probation is similar to the types of post-conviction relief set forth in R.C. 2953.21 to 2953.24.

The argument fails. Appellee's mo-

---

[5] Although this statute was in existence at the time of the state's appeal, it was subsequently repealed, effective March 17, 1987, by Section 2 of Am. Sub. H.B. No. 412.

tion for shock probation was filed pursuant to R.C. 2947.061 and not R.C. 2953.21 *et seq.*, and the motion was neither characterized nor treated as a motion for post-conviction relief pursuant to R.C. 2953.21 *et seq.* by the parties or the court. Further, the appellee's request for probation was based upon his lack of previous criminal convictions, his professed contrition for committing the offense, his assertion that he had employment available to him if released, and his declaration that his wife needed his support and assistance. In contrast, R.C. 2953.21 *et seq.* are expressly designed to allow defendants to appeal from convictions that are defective under either the Ohio or United States Constitution. *Freeman* v. *Maxwell* (1965), 4 Ohio St. 2d 4, 33 O.O. 2d 2, 210 N.E. 2d 885; *Olney* v. *Green* (N.D. Ohio 1965), 247 F. Supp. 368, 8 Ohio Misc. 34, 34 O.O. 2d 457. Thus, the trial court's order granting probation is not a decision granting post-conviction relief pursuant to R.C. 2953.21 *et seq.*

Since the case *sub judice* does not fall within any of the four circumstances by which the state has an absolute right of appeal, we hold that the state may appeal from an order granting shock probation only by leave of court, pursuant to R.C. 2945.67(A).

## II

The entry of the court of appeals denying leave to appeal to the state reads in its entirety:

"On authority of *State* v. *Wallace* (1975), 43 Ohio St. 2d 1, appellant, State of Ohio's motion for leave to appeal is denied. Costs to be taxed against appellant."

By referring to *Wallace, supra,* the court of appeals apparently was indicating that the state's motion failed to abide by the rules governing leave to appeal. The syllabus in *Wallace, supra,* states: "A motion for leave to appeal by the state in a criminal case shall be governed by the procedural requirements of App. R. 5 and the time requirements of App. R. 4(B)."

*Wallace, supra,* states that a motion for leave to appeal shall: (1) set forth the errors which the movant claims to have occurred in the proceedings of the trial court; (2) be accompanied by affidavits, or by such parts of the record which show the probability that the errors claimed did in fact occur, and (3) be supported by a brief or memorandum of law. *Wallace, supra,* further requires the movant to file a notice of appeal in the form prescribed by App. R. 3 with the clerk of the trial court and a copy of the notice in the court of appeals. The motion for leave to appeal and the notice of appeal are to be filed concurrently. The clerk of the court of appeals must serve copies of the notice of appeal and the motion for leave to appeal upon the attorney for the opposing party, who may, within thirty days from the filing of the motion, file affidavits, parts of the record and a brief or memorandum of law to refute the claims of the movant.

In *State* v. *Hatfield* (1976), 48 Ohio St. 2d 118, 2 O.O. 3d 273, 357 N.E. 2d 379, and *State* v. *Keeton* (1985), 18 Ohio St. 3d 379, 18 OBR 434, 481 N.E. 2d 629, we reaffirmed our holding that the prosecution must comply with the procedural requirements of App. R. 5(A) and the time limits of App. R. 4(B).

Although the court of appeals did not indicate in what manner the motion by the state was deficient, it is clear from the record that the state failed to comply with the procedural mandates of App. R. 5(A) as set forth in *Wallace, supra.* The state did not file affidavits or the parts of the record

26

on which it relied; a copy of the motion for leave to appeal was not served on defendant's attorney by the clerk; and the notice of appeal was not filed concurrently with the motion for leave to appeal. Nor was a copy of the notice of appeal filed in the court of appeals as required by App. R. 5(A).

The decision to grant or deny a motion for leave to appeal by the state in a criminal case is solely within the discretion of the court of appeals, *State v. Ferman* (1979), 58 Ohio St. 2d 216, 12 O.O. 3d 206, 389 N.E. 2d 843. Upon a review of the record before us, we do not find that the court of appeals abused its discretion in denying the motion.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, LOCHER, HOLMES and DOUGLAS, JJ., concur.

WRIGHT, J., concurs in judgment only.

WRIGHT, J., concurring. I agree with Justice Brown's conclusion that the state failed to comply with the procedural mandates of App. R. 5(A) and his application of *State v. Wallace* (1975), 43 Ohio St. 2d 1, 72 O.O. 2d 1, 330 N.E. 2d 697, to the facts in the instant case.

At the same time, I believe the General Assembly should be alerted that paragraph one of the syllabus of this decision works to emasculate mandatory actual incarceration and the public policy goals behind it. As such, I strongly suggest that legislative attention be directed to this problem.