## State v. Knox
*[Cite as 8 AOA 581]*

*Case No. 89AP-1168*
*Franklin County, (10th)*
*Decided November 27, 1990*

*Michael Miller, Prosecuting Attorney, and Joyce S. Anderson, for Appellant.*

*Jerry Weiner, for Appellee.*

REILLY, P.J.

Pursuant to R.C. 2945.67(A) and App. R. 59(A), plaintiff, the State of Ohio, has moved for leave to appeal from a judgment of the Franklin County Court of Common Pleas suspending execution of defendant's sentence and placing defendant on probation. The motion is unopposed.

Plaintiff, in its motion, contends that the trial court committed prejudicial error by placing defendant on probation in violation of R.C. 2951.02(F)(3). With its motion, plaintiff has attached the trial court's entry, an affidavit of the assistant prosecutor who tried the case, and a memorandum in support.

The trial court's entry indicates that defendant was indicted on one count of involuntary manslaughter (R.C. 2903.04), with a specification, and two counts of aggravated robbery (R.C. 2911.01), with a specification.

The entry indicates that defendant pled guilty to the stipulated lesser charge of involuntary manslaughter, a felony of the third degree. After finding defendant guilty on this count and considering R.C. 2951.02, the court suspended defendant's sentence of five-to-ten years and placed defendant on conditional probation. In addition, upon application of the prosecutor and for good cause shown, the court ordered a nolle prosequi on the remaining counts.

Plaintiff's affidavit discloses that the assistant prosecutor on the case negotiated a guilty plea from defendant while the jury was deliberating. The affidavit also reveals that defendant pled guilty to involuntary manslaughter without the firearm specification. Further, the affidavit shows that during trial testimony was adduced which established that the victim of the crime died as a result of a gunshot wound. Moreover, the affidavit indicates that the assistant prosecutor informed the trial court that R.C. 2951.02(F)(3) made the defendant ineligible for probation.

In its memorandum in support of its motion, plaintiff advances one assignment of error:

"The trial court erred by granting defendant-appellee probation, as R.C. 2951.02(F)(3) precludes granting probation to one who commits an offense while armed with a firearm."

Plaintiff maintains that the trial court did not have discretion to grant defendant probation on the facts of this case. Plaintiff argues that the trial court erred by confusing the dismissal of the gun specification with the requirements of R.C. 2951.03(F)(3), which precludes granting probation when a defendant was armed with a gun. Plaintiff maintains that the gun specification enhances the time of incarceration, while R.C. 2951.02(F)(3) renders the defendant ineligible for probation. Hence, plaintiff contends that dismissal of the gun specification does not preclude the application of the bar on probation.

This court may consider this motion for leave to appeal. R.C. 2945.67 provides the state with the limited right to prosecute an appeal in a criminal case. The statute provides, in pertinent part:

"A prosecuting attorney *** may appeal as a matter or [of] right any decision of a trial court in a criminal case, *** which decision grants a motion to dismiss all or any part of

an indictment, complaint, or information, a motion to suppress evidence, or a motion for the return of seized property or grants post conviction relief pursuant to sections R.C. 2953.21 to 2953.24 of the Revised Code, and may appeal by leave of the court to which the appeal is taken any other decision, except the final verdict, of the trial court in a criminal case ***."

In *State v. Wallace* (1975), 43 Ohio St. 2d 1, the Supreme Court held that the state's motion for leave, pursuant to R.C. 2945.67(A), is governed by the applicable procedural requirements of App. R. 5 and the time requirements of App. R. 4(A).

App. R. 5(A) provides, in pertinent part:

"*** [A] motion for leave to appeal shall be filed with the court of appeals setting forth the reasons for the failure of the appellant to perfect an appeal as of right and setting forth the errors which the movant claims to have occurred in the proceedings of the trial court. The motion shall be accompanied by affidavits, or by such parts of the record upon which the movant relies, to show the probability that the errors claimed did in fact occur, and by a brief or memorandum of law in support of the movant's claims."

In *State v. Fisher* (1988), 35 Ohio St. 3d 22, it was held in paragraph one of the syllabus that the state may appeal from an order granting shock probation only by leave of court, under R.C. 2945.67(A), since such an order "*** does not fall within any of the four circumstances by which the state has an absolute right of appeal ***." *Id.* at 25.

Similarly, in the present case, it would appear that plaintiff may only appeal by leave of court. For plaintiff is not appealing either a motion to dismiss, a motion to suppress, a motion for return of seized property or a motion granting post-conviction relief on constitutional grounds.

Further, in *Fisher, supra,* the court wrote in paragraph two of the syllabus:

"The decision to grant or deny a motion for leave to appeal by the state in a criminal case is solely within the discretion of the court of appeals. *(State v. Ferman* [1979] 58 Ohio St. 2d 216, 12 O.O. 3d 206, 389 N.E. 2d 843, approved and followed.)"

As to the substantive issues in this case, R.C. 2951.02(F) provides, in pertinent part:

"An offender shall not be placed on probation, and shall not otherwise have his sentence of imprisonment suspended pursuant to division (D)(2) or (4) of section 2929.51 of the Revised Code when any of the following applies:

"***

"(3) The offense involved was not a violation of section 2923.12 of the Revised Code and was committed while the offender was armed with a firearm or dangerous ordnance, as defined in section 2923.11 of the Revised Code."

Plaintiff maintains this provision mandates that no probation should be granted if defendant was armed with a firearm in the commission of an offense. Thus, plaintiff contends that the trial court has no discretion in this regard, even if a gun specification is nolled.

Plaintiff's position is well-taken. *State v. Smith* (1989), 42 Ohio St. 3d 60, holds that a trial court does not have "*** inherent power to suspend execution of a sentence in a criminal case and may order such suspension only as authorized by statute. ***" *Id.* at paragraph one of the syllabus. In *State v. Young* (June 16, 1983), Franklin App. No. 82AP-158, unreported (1983 Opinions 1678), this court held that R.C. 2951.02(F)(3) precluded probation in a voluntary manslaughter case involving the use of a firearm.

There is authority for the proposition that a dismissal of a gun specification does not render a defendant eligible for probation when there was evidence that he was armed. *State v. Koss* (Aug. 18, 1988), Cuyahoga App. No. 54213, unreported (acquittal of gun specification did not bar trial court from adjudging defendant ineligible for probation when the victim died from a gunshot wound). Cf. 1985 Ohio Atty. Gen. Ops. 85-026. There is also authority that the indictment need not allege that defendant was armed. *Koss, supra; State v. Sims* (Aug. 21, 1985), Summit App. No. 12048, unreported.

Thus, plaintiff has established a sufficient probability of error to warrant consideration by this court.

Plaintiff's motion for leave to appeal is sustained.

*Motion for leave to appeal sustained.*

McCORMAC and BOWMAN, J.J., concur.