The STATE of Ohio, Appellant,

v.

MEDLEY, Appellee.

[Cite as *State v. Medley* (1991), 75 Ohio App.3d 728.]

Court of Appeals of Ohio,
Seneca County.

No. 13–91–13.

Decided Aug. 23, 1991.

*James R. Gucker,* City Prosecutor, for appellant.
*John T. Barga,* for appellee.

SHAW, Judge.

The state of Ohio appeals from a judgment entered in the Municipal Court of Tiffin vacating the sentence of defendant-appellee, William H. Medley.

In May 1986, appellee was convicted and sentenced for operating a motor vehicle while under the influence of alcohol, a violation of R.C. 4511.19(A)(1). Appellee was sentenced to ten days actual incarceration. In addition, appellee was placed on probation for one year beginning May 13, 1986 and ending May 13, 1987.

Immediately after receiving his commitment order, appellee reported to the Seneca County Sheriff's Department to begin his term of imprisonment. However, because of the lack of a local county jail, the lack of manpower to transport appellee to another jail and the unavailability of rental space at other jails, appellee was not committed to serve his sentence in May 1986. An

officer in the sheriff's department advised appellee that he would be contacted when space came available.

The sheriff's department contacted the appellee in December 1990 and ordered him to report to the department to serve the ten day jail term. Upon being served with the notice, appellee moved to vacate the sentence.

Appellee contended that serving the sentence more than three and one-half years after his probation term ended violated R.C. 2951.09. Appellee also argued that four and one-half years is an "excessive, unwarranted, unreasonable, unlawful, and unconstitutional lapse of time between sentencing by the Municipal Court and the demand by the Seneca County Sheriff to serve [the] sentence."

The trial court, upon concluding that the lapse of time in this case violated the appellee's due process rights, vacated the sentence and ordered the sheriff to return appellee's jail commitment to the court unsatisfied. The state filed a notice of appeal claiming an appeal of right pursuant to R.C. 2945.67(A) and 2953.21. In a single assignment of error, the state contends that the trial court erred in vacating the appellee's sentence.

■ At the outset, we recognize the validity of the state's claim that the trial court erred in vacating the appellee's sentence. The conviction under consideration in the case *sub judice* was appellee's second conviction within five years of the instant offense for violating the provisions of R.C. 4511.19. Therefore, R.C. 4511.99(A)(2), the applicable penalty statute, mandated a sentence of ten days of actual incarceration for the instant offense. Subsection (A)(5) of the penalty statute provides that:

"Notwithstanding any section of the Revised Code that authorizes the suspension of the imposition or execution of a sentence * * *, no court shall suspend the ten * * * days of imprisonment required to be imposed by division (A)(2) * * * of this section * * *."

■ We know of no authority that permits the trial court to circumvent the mandatory sentencing provisions of R.C. 4511.99(A)(2) and (5) by vacating the sentence because of delay in the execution thereof. The trial court had a duty to execute its original sentence and its failure to do so was clearly erroneous. However, we are unable to correct the error of the trial court because the state does not have an appeal of right under the circumstances of this case.

R.C. 2945.67(A), which defines the circumstances under which the state may prosecute an appeal in a criminal matter, reads in pertinent part as follows:

"A prosecuting attorney * * * may appeal as a matter * * * [of] right any decision of a trial court in a criminal case * * * which decision grants a motion to dismiss all or any part of an indictment, complaint or information, a motion

to suppress evidence, or a motion for return of seized property or grants post conviction relief pursuant to sections 2953.21 to 2953.24 of the Revised Code, and may appeal by leave of court * * * any other decision, except the final verdict, of the trial court in a criminal case * * *."

The state argues that it has an absolute right of appeal because vacation of the sentence constituted post-conviction relief. R.C. 2953.21(A) the relevant post-conviction relief statute reads in part:

"Any person convicted of a criminal offense * * * claiming that there was such a denial or infringement of his rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States, may file a petition at any time in the court which imposed the sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. * * *"

R.C. 2953.21 is " * * * expressly designed to allow defendants to appeal from convictions that are defective under either the Ohio or United States Constitution." *State v. Fisher* (1988), 35 Ohio St.3d 22, 25, 517 N.E.2d 911, 913–14. In addition, R.C. 2953.21 also grants relief to defendants from sentences that are constitutionally defective as imposed.

In the case *sub judice*, the appellee challenged neither a constitutional defect in the judgment of conviction itself nor in the sentence imposed. Instead, appellee challenged the *execution* of a validly imposed sentence. However, a challenge to the execution of sentence is not a matter that comes within the parameters of R.C. 2953.21.

Moreover, although appellee's motion to vacate raised constitutional issues, the motion was filed pursuant to R.C. 2951.09 [1] and not R.C. 2953.21. Thus, the trial court's decision vacating the sentence is not a decision granting post-conviction relief.

Inasmuch as the relief granted to appellee does not come within the scope of the post-conviction relief statutes, thereby entitling the state to an appeal of right, the state's only recourse was to move for leave to appeal pursuant to R.C. 2945.67(A). However, the state has consistently maintained its prerogative to an absolute right of appeal and therefore has failed to move for leave to appeal within the procedural requirements of App.R. 5 and the time requirements of App.R. 4(B). See *State v. Hatfield* (1976), 48 Ohio St.2d 118,

---

1. The provisions of R.C. 2951.09 relied upon by defendant read as follows: "At the end or termination of the period of probation, the jurisdiction of the judge * * * to impose sentence ceases, and the defendant shall thereupon be discharged."

2 O.O.3d 273, 357 N.E.2d 379. Therefore, this court is without jurisdiction to entertain this appeal.

For the reasons stated and upon the authorities cited, the appeal is dismissed.

*Appeal dismissed.*

HADLEY and EVANS, JJ., concur.