MEMORANDUM DECISION ON MOTIONS
On September 24, 1999, Patrick J. Padgitt, defendant-appellant, filed (1) a "Notice of Appeal" from a judgment of conviction entered on February 23, 1998; (2) a "Motion for Leave to Appeal" the judgment of conviction entered on September 12, 1999; and (3) a "Motion to Prepare Transcript of Proceedings at State Expense."
App.R. 4(A) states that a "party shall file the notice of appeal required by App.R. 3 within thirty days of the later of entry of the judgment or order appealed." We find that appellant's notice of appeal is untimely because it was not filed "within thirty days of the later of entry of the judgment or order appealed."
App.R. 5(A) sets forth the requirements for filing a motion for leave to appeal.
 After the expiration of the thirty day period provided by App.R. 4(A) for the filing of a notice of appeal as of right in criminal cases, an appeal may be taken only by leave of the court to which the appeal is taken. A motion for leave to appeal shall be filed with the court of appeals and shall set forth the reasons for the failure of the appellant to perfect an appeal as of right. * * *
The appellant has the burden of "demonstrating a reasonable explanation of the basis for failure to perfect a timely appeal."State v. Cromlish (Sept. 1, 1994), Franklin App. Nos. 94APA06-855, 94APA06-856, and 94APA06-857, unreported (1994 Opinions 3972, 3974). The decision to grant or deny a motion for leave to appeal pursuant to App.R. 5(A) is solely within the discretion of the court of appeals. State v. Fisher (1988), 35 Ohio St.3d 22, 26.
A review of appellant's motion for leave to appeal shows that appellant failed to provide any reasonable explanation concerning why he did not file a timely appeal. Additionally, it is unclear what judgment entry appellant is appealing because he moved for a leave to appeal his judgment of conviction entered on September 12, 1999. A review of the record fails to show that the trial court entered a judgment of conviction against appellant on September 12, 1999. Accordingly, appellant's motion for leave to file an appeal is denied. Additionally, having found appellant's notice of appeal untimely and having denied appellant's motion for leave to file an appeal, we also deny appellant's motion to prepare a transcript of the trial court's proceedings at the state's expense.
Motions denied.
LAZARUS, P.J., TYACK and BROWN, JJ., concur.