DECISION
{¶ 1} Defendant-appellant, Shawn D. Robinson, has filed a pro se motion for leave to appeal pursuant to App.R. 5(A). Plaintiff-appellee, the State of Ohio, has filed a memorandum in opposition to defendant's motion. For the following reasons, we deny defendant's motion.
 {¶ 2} App.R. 5(A) allows a criminal defendant to file a motion for leave to appeal after the expiration of the 30-day period provided by App.R. 4(A). Such a motion must set forth the reasons for the failure of the defendant to perfect an appeal as of right. Defendant has the burden of "demonstrating a reasonable explanation of the basis for failure to perfect a timely appeal."State v. Padgitt (Nov. 2, 1999), Franklin App. No. 99AP-1085 (Memorandum Decision), quoting State v. Cromlish (Sept. 1, 1994), Franklin App. No. 94APA06-855. The decision to grant or deny a motion for leave to appeal pursuant to App.R. 5(A) rests within the sound discretion of the court of appeals. Id., citingState v. Fisher (1988), 35 Ohio St.3d 22, 26.
 {¶ 3} On January 5, 2001, defendant pled guilty to and was convicted of one count of felonious assault in violation of R.C.2903.11. Defendant did not file a direct appeal from his conviction. Instead, on July 15, 2004, defendant filed the instant motion. Defendant contends that he did not file a direct appeal because the trial court and his attorney did not inform him of his right to appeal. This statement alone is insufficient to constitute a reasonable explanation of defendant's basis for failure to perfect a timely appeal. Defendant does not state how or when he did learn of his right to appeal. Nor does he explain how it took him more than three years to learn of his right to appeal, during which time he was able to file a petition for post-conviction relief. Defendant's three and one-half year delay in filing his motion for leave to appeal, without justifiable explanation, is unreasonable. See State v. Evans (Sept. 19, 2002), Franklin App. No. 02AP-238 (Memorandum Decision) (denying motion for leave to appeal given an unexplained one and one-half year delay).
 {¶ 4} Similarly, defendant also contends that he did not file a direct appeal because he had no knowledge of the law or the legal procedures necessary to perfect an appeal. A defendant's claim of limited legal knowledge is insufficient to justify the failure of a timely notice of appeal. State v. Carroll (Sept. 9, 2003), Franklin App. No. 03AP-703 (Memorandum Decision). As the Supreme Court of Ohio has noted, "[l]ack of effort or imagination, and ignorance of the law * * * do not automatically establish good cause for failure to seek timely relief." Id., quoting State v. Reddick (1995), 72 Ohio St.3d 88, 91 (dealing with application to reopen an appeal).
 {¶ 5} For these reasons, defendant's App.R. 5(A) motion is denied.
Motion for delayed appeal denied.
Bowman and Brown, JJ., concur.