OPINION *Page 2 
{¶ 1} Plaintiff-appellant State of Ohio appeals from the February 7, 2007, Judgment Entry of the Richland County Court of Common Pleas dismissing the case against defendant-appellee Torey Cockrell and ordering his release from prison.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On September 12, 1994, the Richland County Grand Jury indicted appellee on one count of felonious assault in violation of R.C.2903.11(A)(2), an aggravated felony of the second degree. At his arraignment on September 13, 1994, appellee entered a plea of not guilty to the charge.
 {¶ 3} Thereafter, on December 9, 1994, appellee withdrew his former not guilty plea and entered a plea of no contest to the charge of felonious assault. Pursuant to a Judgment Entry filed on January 25, 1995, appellee was sentenced to six (6) to fifteen (15) years in prison.
 {¶ 4} On June 26, 1995, appellee filed a Motion for Shock Probation pursuant to R.C. 2947.061(B). A hearing was held on appellee's motion on August 4, 1995. As memorialized in an Order filed on the same day, appellee's motion was granted and appellee was placed on probation for a period of five (5) years under specified terms and conditions.
 {¶ 5} A probation violation was filed against appellee in April of 1996 and a bench warrant was issued for his arrest. Following a hearing held on October 18, 1996, appellee entered a plea of guilty to the probation violation and was continued on probation. After appellee violated his probation again in July of 1997, a bench warrant for his arrest was issued on May 8, 1997. On July 25, 1997, appellee entered a plea of *Page 3 
guilty to the probation violation and his original sentence of six to fifteen years was imposed.
 {¶ 6} Thereafter, on April 13, 1999, appellee filed a motion seeking reinstatement of his probation. Pursuant to an order filed on December 30, 1999, appellee was granted shock probation for a term of three (3) years under specified terms and conditions.
 {¶ 7} Pursuant to a Journal Entry filed on December 23, 2002, appellee's probation was extended until December 19, 2004 because appellee had not paid all restitution and child support in full as required by the conditions of his probation. On or about April 27, 2004, probation violation charges were filed against appellee. A hearing was held on July 23, 2004. At the hearing, appellee pleaded guilty to violating the terms and conditions of his probation. As memorialized in a Journal Entry filed on July 23, 2004, appellee was sentenced to six to fifteen years in prison. The trial court suspended appellee's sentence and continued appellee on probation on condition that appellee obtain and maintain employment. However, appellee violated the terms and conditions of his probation again and, pursuant to a Journal Entry filed on November 5, 2004, appellee's six to fifteen year prison sentence was imposed.
 {¶ 8} Subsequently, on May 9, 2005, appellee filed a Motion for Judicial Release pursuant to R.C. 2929.20(B)(2). A hearing on appellee's motion was held on June 17, 2005. The trial court, in its June 21, 2005 Judgment Entry denying appellee's motion, stated, in relevant part, as follows:
 {¶ 9} "At the time of hearing, the prosecuting attorney objected to judicial release on the basis that this defendant had been granted judicial release on this *Page 4 
charge previously. Ohio law permits an imprisoned inmate only one (1) judicial release opportunity per case.
 {¶ 10} "At the time of the hearing this court was predisposed to grant defendant's motion by dismissing the case and thereby terminating defendant's prison term. A release slip was signed by this Court and the defendant was released late Friday afternoon June 17, 2005. Within twelve (12) hours, defendant was shot several times on High Street, Mansfield, Ohio and he is presently hospitalized because of his injuries.
 {¶ 11} "It is the decision of this Court to deny defendant's motion for judicial release because under Ohio law, this Court does not have the authority to grant judicial release a second time for this charge; . . . " A bench warrant was issued for appellee's arrest.
 {¶ 12} On November 15, 2006, appellee filed a Motion for Delay in Execution of Sentence, asking that execution of his sentence be delayed for sixty (60) days so that he could obtain a prosthetic leg. Appellee's leg had been amputated as a result of the June 2005 shooting. Pursuant to an Order filed on November 16, 2006, the trial court granted such motion and ordered that appellee appear on January 2, 2007 for transport to prison.
 {¶ 13} On January 16, 2007, appellee filed a Motion to Modify Sentencing pursuant to R.C. 2929.51, arguing that appellee "has been in the system for an adequate number of years to be considered as serving his punishment." Appellant, in its memorandum in opposition to such motion, argued that appellee was not eligible for judicial release because he was sentenced under the old law and because he was granted release once in this case and was not eligible for release a second time. *Page 5 
Appellant also argued that R.C. 2929.51, which was cited by appellee, had been repealed on January 1, 2004. Via a Judgment Entry filed on January 29, 2007, the trial court denied appellee's Motion to Modify Sentencing.
 {¶ 14} However, the trial court, in a Judgment Entry filed on February 7, 2007, sua sponte dismissed the case upon its own motion and ordered appellee released from incarceration. The trial court, in its entry, found that appellee had been incarcerated for a sufficient time as punishment for the crime of felonious assault, that appellee, due to the loss of his leg, would be an extreme burden upon the State of Ohio, and that appellee appeared to be no threat to the general public.
 {¶ 15} Appellant now appeals, raising the following assignment of error:
 {¶ 16} "THE TRIAL COURT ERRED IN SUSPENDING THE FURTHER EXECUTION OF APPELLEE'S SENTENCE PURSUANT TO R.C. 2947.061 AND 2929.20 WHERE THE APPELLEE WAS SERVING A SENTENCE FOR CRIMES COMMITTED PRIOR TO JULY 1, 1996."
 I {¶ 17} Appellant, in its sole assignment of error, argues that the trial court erred in suspending the further execution of appellee's sentence.
 {¶ 18} As an initial matter, we note that both appellant and appellee agree that appellee was not entitled to judicial release pursuant to R.C. 2929.20. Such section was enacted as part of Am. Sub. S.B. 2, effective July 1, 1996. The Ohio Supreme Court has held that the provisions of Am. Sub. S.B. 2 only apply to offenses committed after July 1, 1996. See State v. Rush, 83 Ohio St.3d 53, 1998-Ohio-423,697 N.E.2d 634. Appellee's *Page 6 
offense was committed in 1994 and appellee was sentenced in January of 1995. Thus, appellee is not eligible for judicial release under R.C.2929.20.
 {¶ 19} However, former R.C. 2947.061, which is known as the shock probation statute, is available to those who, like appellee, committed their crimes prior to July 1, 1996. The issue for determination is whether or not the State of Ohio can appeal from an order granting shock probation pursuant to R.C. 2947.061.
 {¶ 20} In State v. Coffman (2001), 91 Ohio St.3d 125, 2001-Ohio-273,2001-Ohio-296, 742 N.E.2d 644, the Ohio Supreme Court held that a trial court's denial of a motion for shock probation could never be a final appealable order. The court reasoned that the denial of a Motion for Shock Probation did not affect a "substantial right" because the statutory provision providing for shock probation conferred substantial discretion to the trial court. The court further noted that former R.C.2947.061(B), the shock probation statute that has since been repealed, made no provision for appellate review. Id., at 128, 742 N.E.2d 644.
 {¶ 21} While the Ohio Supreme Court, in Coffman, held that an order denying a motion for shock probation cannot be appealed, it did not address whether or not an order granting shock probation can be appealed. In State v. Fisher (Jan. 13. 1988), 35 Ohio St.3d 22,517 N.E.2d 911, the Ohio Supreme Court previously had held that the State of Ohio could appeal from an order granting a defendant's motion for shock probation only by leave of court. As noted by the court in State v.Young (Nov. 29, 2001), Cuyahoga App. No. 79113, 2001 WL 1671431, appeal not allowed, 86 Ohio St.3d 1488, 716 N.E.2d 720, "The Supreme Court [inFisher] noted that the right [to appeal an order granting shock probation] is not absolute, however, and the decision to *Page 7 
grant or deny leave to appeal in such cases `rests solely within the discretion of the court of appeals.' Id. at 23. Because the Supreme Court of Ohio had an opportunity in Coffman to overrule Fisher but did not do so, it is apparent that the Supreme Court has carved out a distinction between orders granting shock probation and those denying it. Thus, although a trial court order denying shock probation is never a final appealable order, an appellate court may, in its discretion, grant a motion for leave to appeal an order granting shock probation." Id at 2.[1]
 {¶ 22} In the case sub judice, appellee never obtained leave from this Court to appeal the order granting shock probation. Because the State has not sought leave to appeal in this case pursuant to R.C.2945.67(A)[2] and App.R. 5(C), we are without jurisdiction to address the merits of the State's sole assignment of error. *Page 8 
 {¶ 23} For the foregoing reasons, the appeal of the judgment of the Court of Common Pleas, Richland County, Ohio, is hereby dismissed for lack of jurisdiction.
 Edwards, P.J., Farmer, J., and Delaney, J., concur. *Page 9 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Richland County Court of Common Pleas is dismissed for lack of jurisdiction. Costs assessed to appellant.
[1] In the Young case, the State filed a motion for leave to appeal the trial court's order granting shock probation. After granting such motion, the Eighth District Court of Appeals addressed the merits of the State's appeal. The court, in Young, agreed with the State of Ohio that an individual may file only one motion for super shock probation under R.C. 2947.061(B) and that the trial court should have denied the appellee's third motion without a hearing. The court, in Young, reversed the trial court's decision granting shock probation to the appellee. See also State v. Occhipinti, Lake App. No 2001-L-144, 2003-Ohio-1093, in which the Court of Appeals granted the State's motion for leave to appeal an order granting shock probation. The court, inOcchipinti, noted that the State did not have an appeal as a matter of right.
[2] Such section states as follows: "(A) A prosecuting attorney, village solicitor, city director of law, or the attorney general may appeal as a matter of right any decision of a trial court in a criminal case, or any decision of a juvenile court in a delinquency case, which decision grants a motion to dismiss all or any part of an indictment, complaint, or information, a motion to suppress evidence, or a motion for the return of seized property or grants post conviction relief pursuant to sections 2953.21 to 2953.24 of the Revised Code, and may appeal by leave of the court to which the appeal is taken any other decision, except the final verdict, of the trial court in a criminal case or of the juvenile court in a delinquency case. In addition to any other right to appeal under this section or any other provision of law, a prosecuting attorney, city director of law, village solicitor, or similar chief legal officer of a municipal corporation, or the attorney general may appeal, in accordance with section 2953.08 of the Revised Code, a sentence imposed upon a person who is convicted of or pleads guilty to a felony." *Page 1