BEDFORD, Appellant,

v.

The STATE of Ohio, Appellee.

[Cite as *Bedford v. State*, 194 Ohio App.3d 570, 2011-Ohio-2352.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–110284.

Decided May 16, 2011.

Carol A. Wright and Erin G. Barnhart, Office of the Federal Public Defender for the Southern District of Ohio, and Gerhardstein & Branch Co., L.P.A., and Alphonse A. Gerhardstein, for appellant.

Joseph T. Deters, Hamilton County Prosecuting Attorney, and Ronald W. Springman, Assistant Prosecuting Attorney, for appellee.

---

FISCHER, Judge.

{¶ 1} Eleven days before his impending execution, Daniel Bedford filed a "Notice of Insanity Pursuant to R.C. 2949.28" in the Hamilton County Court of Common Pleas, seeking suspension of his death sentence. The trial court found no probable cause to believe that Bedford is insane as defined by that statute. He now appeals, raising two assignments of error that concern issues of first impression in this appellate district. For the following reasons, we affirm the judgment of the trial court.

{¶ 2} In his first assignment of error, Bedford asserts that the trial court erred in finding no probable cause to believe that he does not have the mental capacity to be executed. We disagree.

{¶ 3} R.C. 2949.28 and 2949.29 provide the exclusive statutory framework to follow if an issue arises concerning a convict's competency to be executed.[1] "R.C. 2949.28(A) defines sanity for purposes of determining a convict's competency to be executed. The issue to be resolved under R.C. 2949.28 is whether the convict has the 'mental capacity to understand the nature of the death penalty and why it was imposed on the convict.' "[2]

{¶ 4} Upon receiving a notice of insanity under R.C. 2949.28, "a judge shall determine, based on the notice and any supporting information, any information submitted by the prosecuting attorney, and the record in the case, including previous hearings and orders, whether probable cause exists to believe that the convict is insane. If the judge finds that probable cause exists to believe that the convict is insane, the judge shall hold a hearing to determine whether the convict is insane. If the judge does not find that probable cause of that nature exists, the judge may dismiss the matter without a hearing."[3] If the trial court finds that probable cause exists, it is then the convict's burden at the subsequent hearing to

---

1. R.C. 2949.29(D).

2. *State v. Scott* (2001), 92 Ohio St.3d 1, 2, 748 N.E.2d 11.

3. R.C. 2949.28(B)(2).

prove that he or she is insane under R.C. 2949.28(A) by a preponderance of the evidence.[4]

{¶ 5} Neither party has addressed the standard of review when considering a trial court's finding of no probable cause in such matters. The Ohio Supreme Court has suggested that our standard of review is one that reverses only when the trial court has abused its discretion[5]—that is, when the trial court's attitude was "unreasonable, arbitrary, or unconscionable."[6] But in other cases in which we consider findings of no probable cause, our review is twofold. "First, this court must review the trial court's findings of historical fact only for clear error, 'giving due weight to inferences drawn from those facts,' by the trial court. * * * Next, accepting those facts as true, we must independently determine as a matter of law, without deference to the trial court's conclusion, whether they meet the applicable legal standard."[7] In this case, however, both standards of review produce the same result.

{¶ 6} "Probable cause" is a term of art.[8] The Supreme Court has stated that this term means "a reasonable ground for belief of guilt."[9] But in the context of R.C. 2949.28 and 2949.29, a showing of probable cause "requires the production of sufficient evidence to establish that there is reason to *believe* that the convict is insane."[10] Similarly, a law enforcement officer seeking the issuance of a search warrant "bears the burden of presenting sufficient facts from which a neutral magistrate could conclude that ' "there is a fair probability that contraband or evidence of a crime will be found in a particular place" ' " to show probable cause.[11]

{¶ 7} Upon our thorough review of Bedford's notice of insanity and its accompanying materials, the state's response, and the record of the case, we

---

4.   R.C. 2949.29(C); *Scott*, 92 Ohio St.3d at 4, 748 N.E.2d 11.

5.   *Scott*, 92 Ohio St.3d at 3, 748 N.E.2d 11 (finding "no evidence from the record of the proceedings [on the notice of insanity] that the trial court abused its discretion" in finding that "there was no probable cause to believe that [the convict] was incompetent to be executed").

6.   *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140.

7.   *State v. Deters* (1998), 128 Ohio App.3d 329, 333–334, 714 N.E.2d 972.

8.   *Scott*, 92 Ohio St.3d at 8, 748 N.E.2d 11 (Cook, J., concurring).

9.   Id., quoting *State v. Moore* (2000), 90 Ohio St.3d 47, 49, 734 N.E.2d 804.

10.  (Emphasis sic.) Id.

11.  Id., 92 Ohio St.3d at 9, 748 N.E.2d 11, quoting *State v. George* (1989), 45 Ohio St.3d 325, 329, 544 N.E.2d 640, quoting *Illinois v. Gates* (1983), 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527.

cannot say that the trial court abused its discretion in this matter. Furthermore, giving Bedford the benefit of a more generous standard of review, we arrive at the same result. There is no probable cause to believe that Bedford could not understand the nature of the death penalty and why it was imposed upon him. We therefore overrule his first assignment of error.

{¶ 8} In his second assignment of error, Bedford asserts that the trial court denied him due process of law under the Fourteenth Amendment to the United States Constitution in not holding a hearing on whether he lacked the mental capacity to be executed. Again, we are not persuaded.

{¶ 9} The United States Supreme Court held in *Panetti v. Quarterman* that "[o]nce a prisoner seeking a stay of execution has made 'a substantial threshold showing of insanity,' the protection afforded by procedural due process includes a 'fair hearing' in accord with fundamental fairness."[12] Here, however, because Bedford has not demonstrated probable cause to believe that he is insane under R.C. 2949.28(A), he has necessarily not made a substantial threshold showing of insanity that entitles him to a hearing under the federal constitution. We overrule Bedford's second assignment of error and accordingly affirm the judgment of the trial court.

Judgment affirmed.

HILDEBRANDT, P.J., and HENDON, J., concur.

---

12. *Panetti v. Quarterman* (2007), 551 U.S. 930, 949, 127 S.Ct. 2842, 168 L.Ed.2d 662, quoting *Ford v. Wainwright* (1986), 477 U.S. 399, 424, 426, 106 S.Ct. 2595, 91 L.Ed.2d 335 (Powell, J., concurring in part and concurring in judgment).