[Cite as *State v. Awkal*, 2012-Ohio-3970.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**Nos. 98532 and 98553**

## STATE OF OHIO

PLAINTIFF-APPELLANT

vs.

## ABDUL H. AWKAL

DEFENDANT-APPELLEE

### JUDGMENT:
### DISMISSED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-276801

**BEFORE:**    Blackmon, A.J., Cooney, J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED**:    August 30, 2012

**ATTORNEYS FOR APPELLANT**

William D. Mason
Cuyahoga County Prosecutor

By: Katherine Mullin
Matthew E. Meyer
Assistant County Prosecutors
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

R. Brian Moriarty
R. Brian Moriarty, L.L.C.
2000 Standard Building
1370 Ontario Street
Cleveland, Ohio 44113

Ngozi Ndulue
Ohio Justice & Policy Center
215 East Ninth Street
Suite 601
Cincinnati, Ohio 45202

Kevin M. Cafferkey
2000 Standard Building
1370 Ontario Street
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, A.J.:

{¶1} Appellant state of Ohio ("state") appeals the trial court's decision that found Abdul H. Awkal ("Awkal") incompetent to be executed. Awkal filed a motion to dismiss the appeal. After reviewing the record and pertinent law, we dismiss the state's appeal.

{¶2} Whether the state can appeal from the trial court's determination that a defendant is incompetent for purposes of execution is a case of first impression in Ohio. In all of the other Ohio cases regarding competency to be executed, the defendant filed the appeal. *See State v. Scott*, 92 Ohio St.3d 1, 2001-Ohio-148, 748 N.E.2d 11; *State v. Brooks*, 8th Dist. Nos. 97455 and 97509, 2011-Ohio-5877; *Bedford v. State*, 194 Ohio App.3d 570, 2011-Ohio-2352, 957 N.E.2d 336 (1st Dist). The defendant has an appeal as a matter of right; these cases do not address the state's right to appeal.

{¶3} We conclude the state does not have a right to an appeal. Under the Ohio Constitution, "the state has no absolute right of appeal in a criminal matter unless specifically granted such right by statute." *State v. Fisher*, 35 Ohio St.3d 22, 24, 517 N.E.2d 911 (1988). R.C. 2945.67(A) sets forth the prosecutor's right to appeal and provides in pertinent part:

> **A prosecuting attorney * * * may appeal as a matter of right any decision of a trial court in a criminal case, * * * which decision grants a**

**motion to dismiss all or any part of an indictment, complaint, or information, a motion to suppress evidence, or a motion for the return of seized property or** *grants post conviction relief* **pursuant to sections 2953.21 to 2953.24 of the Revised Code, and may appeal by leave of the court to which the appeal is taken any other decision, except the final verdict, of the trial court in a criminal case.** (Emphasis added.)

{¶4} The proceeding that occurred below, although labeled as a petition for postconviction relief, was not a petition for postconviction relief.[1] R.C. 2953.21 defines a petition for postconviction relief as follows:

**(A) (1) (a) Any person who has been convicted of a criminal offense * * * who claims that there was such a denial or infringement of the person's rights as to** *render the judgment void or voidable* **under the Ohio Constitution or the Constitution of the United States, and any person who has been convicted of a criminal offense that is a felony and who is an offender, for whom DNA testing that was performed under sections 2953.71 to 2953.81 of the Revised Code or under former section 2953.82 of the Revised Code and analyzed in the context of and upon consideration of all available admissible evidence related to the person's case as described in division (D) of section 2953.74 of the**

---

[1]The assistant prosecutor admitted at oral argument that the proceeding was

**Revised Code provided results that establish, by clear and convincing evidence, actual innocence of that felony offense or, if the person was sentenced to death, establish, by clear and convincing evidence, actual innocence of the aggravating circumstance or circumstances the person was found guilty of committing and that is or are the basis of that sentence of death, may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.** (Emphasis added.)

{¶5} Awkal did not seek to vacate his conviction. His request was for a competency determination, which is statutorily created by R.C. 2949.28 and 2949.29. R.C. 2949.28 provides that if a death sentence defendant "appears to be insane, the warden or the sheriff having custody of the convict, the convict's counsel, or psychiatrist or psychologist who has examined the convict shall give notice of the apparent insanity to * * * the judge." Therefore, although it was captioned as a petition for postconviction relief, and the court ruled on it as if it was a petition, it was actually the notice of filing pursuant to R.C. 2949.28. Merely because the trial court used the wrong terminology in

not a petition for postconviction relief.

ruling on the motion does not constitute grounds for an appeal; nor does it change the character of the court's action or order.

**{¶6}** During oral argument, the state reminded us that it not only filed an appeal as of right, but also requested leave to appeal. We also deny the state's request for leave to appeal. The Ohio Supreme Court in *State v. Ross*, 128 Ohio St.3d 283, 2010-Ohio-6282, 943 N.E.2d 992, quoting *State v. Keeton*, 18 Ohio St.3d 379, 481 N.E.2d 629 (1985), paragraph one of syllabus, held:

> **In addition to those rulings in which the state is granted an appeal as of right pursuant to R.C. 2945.67(A) the state may, by leave of the appellate court, appeal any decision of a trial court in a criminal case which is adverse to the state, except a final verdict.**

**{¶7}** Although *Ross* recognizes a leave to appeal, we conclude that regarding the competency of death-sentence defendants, the matter rests solely with the legislature, and we believe the legislature did not contemplate review by any reviewing court, when the trial court finds the death-sentenced defendant incompetent to be put to death. R.C. 2949.29(B) gives the trial court continuing jurisdiction when the defendant is found to be insane. It states in pertinent part:

> **If it is found that the convict is insane and if authorized by the supreme court, the judge shall continue any stay of execution of the sentence previously ordered, * * *and order treatment of the convict. Thereafter, the court at any time may conduct and, on motion of the prosecuting attorney, shall conduct a hearing pursuant to division (A) of this section to *continue the inquiry into the convict's insanity and, as***

***provided in section 2949.28 of the Revised Code, may appoint one or more psychiatrists or psychologists to make a further examination of the convict and to submit a report to the court.*** (Emphasis added.)

**{¶8}** Therefore, because the legislature did not intend to provide the state with the ability to appeal, we are prevented from granting the state leave to appeal from the trial court's finding of incompetency under *Ross*.

**{¶9}** We note concerns were raised at oral argument that if the state is not permitted to appeal from the trial court's finding of incompetency, nothing prevents a trial judge from continually finding the defendant to be incompetent in order to prevent execution. However, in such a case, the state could oppose the stay of execution in the Ohio Supreme Court, file a writ of prohibition before this court, or file an affidavit of prejudice to remove the judge based on the appearance the trial court judge is exercising some form of nullification of the death penalty law.

**{¶10}** If the defendant receives the ordered medical treatment, and the trial court refuses to conduct a hearing pursuant to R.C. 2949.29 to reevaluate the defendant's competency, the state could file a writ of mandamus before this court or the Ohio Supreme Court. In any event, the state is not without a remedy under R.C. 2949.28 and 2949.29. It is just not the remedy it wants, which is to challenge the sufficiency of the evidence the trial court relied on in determining that Awkal was incompetent. After all, Awkal continues to be subject to the death penalty. The issue for the state is timing, which the legislature controls, not the judiciary.

**{¶11}** Assuming arguendo that we granted the state leave to appeal, the state's appeal is not from a final, appealable order. "In order to decide whether an order issued by a trial court in a criminal proceeding is a reviewable final order, appellate courts should apply the definitions of 'final order' contained in R.C. 2505.02." *State v. Muncie*, 91 Ohio St.3d 440, 2001-Ohio-93, 746 N.E.2d 1092. R.C. 2505.02(B) provides, in relevant part, as follows:

> **An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:**
>
> **(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;**
>
> **(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;**
>
> **(3) An order that vacates or sets aside a judgment or grants a new trial;**
>
> **(4) An order that grants or denies a provisional remedy and to which both of the following apply:**
>
> **(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.**
>
> **(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.[2]**

---

[2]We need not address the fifth through seventh categories set forth in R.C. 2505.02(B), because this case is obviously not a class action, does not dispute

{¶12} "Substantial right" is defined in R.C. 2505.02(A) as "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." Thus, the state does have a substantial right to enforce the sentence imposed. However, in order to be a final order, the order must be one that "affects a substantial right." An order affects a substantial right only if, in the absence of an immediate appeal, it forecloses appropriate relief in the future or prejudices one of the parties involved. *Bell v. Mt. Sinai Med. Ctr.*, 67 Ohio St.3d 60, 63, 616 N.E.2d 181 (1993).

{¶13} A defendant's substantial right is affected when he or she is found to be competent for execution because obviously a defendant cannot raise the issue once executed. The state, however, does not have a substantial right that is affected because unlike in cases where the defendant appeals his competency, the trial court's decision does not foreclose appropriate relief in the future, nor does it prejudice the state. Once Awkal is deemed competent, the stay will be lifted, and he will be executed. In fact, R.C. 2949.29(B), which governs the procedure in determining the competency to be executed, provides that once a court finds the defendant to be incompetent and orders the convict to be treated, "thereafter, the court at any time may conduct and, on motion of the prosecuting attorney, shall conduct a hearing pursuant to division (A) of this section to

amendments made by Am. Sub. S.B. 281 or Am. Sub. S.B. 80, and is not an appropriation proceeding.

continue the inquiry into the convict's insanity * * *." (Emphasis added.)   Therefore, the statute acknowledges that a finding of incompetency does not end the matter. There is no indication at this juncture of the case that it is impossible to make Awkal competent; thus, the state has not been foreclosed from executing Awkal in the future.   Because the state does not have a substantial right that is affected by the court's order, the first two categories of a final order do not apply.

{¶14} The third category also does not apply because the trial court's decision does not vacate or set aside a judgment or grant a new trial because the trial court's decision does not affect Awkal's underlying conviction of guilt or sentence of death.

{¶15} The fourth category regarding a provisional remedy also does not apply. R.C. 2505.02(A)(3) defines a provisional remedy as "a proceeding ancillary to an action." Although the proceeding to determine competency is ancillary to Awkal's death sentence, the following requirements must also be met:

> **(2) the order must both determine the action with respect to the provisional remedy and prevent a judgment in favor of the appealing party with respect to the provisional remedy, and (3) the reviewing court must decide that the party appealing from the order would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.** *Muncie*, 91 Ohio St.3d 446, 2001-Ohio-93, 746 N.E.2d 1092.

{¶16}   In the instant case, the trial court's finding of incompetency does not prevent it from finding in the future that Awkal is competent after he receives the ordered medical treatment.   As we stated above, the process has not yet ended, but is ongoing.

The state also does not suffer unrecoverable damage by the court's ordering the execution to be suspended until Awkal is deemed competent. As stated previously, there is no indication at this juncture that Awkal cannot be made competent with medical treatment. Thus, the trial court's determination that Awkal is incompetent does not meet the requirements to make a provisional remedy a final order.

{¶17} This conclusion does not conflict with the Ohio Supreme Court's decision in *State v. Upshaw*, 110 Ohio St.3d 189, 2006-Ohio-4253, 852 N.E.2d 711, where the court held that a defendant's appeal from a trial court's determination that defendant was not competent to stand trial met the requirements of a provisional remedy. In *Upshaw*, the defendant was the appellant, which as we discussed above, is a significant difference. The defendant in *Upshaw* was found incompetent to stand trial and was committed to an institution for the restoration of mental competency. The defendant appealed the court's order, and the supreme court found that it was a final order. In so doing, the court found that the order constituted a provisional remedy.

{¶18} The supreme court also found that the trial court's ordering the defendant to be committed to an institution resulted in a loss of liberty to defendant and that "nothing could recover for the defendant the time lost during his confinement" even if he was eventually found to be competent to stand trial. We do not have that issue here. As we stated, the state is not prejudiced by having to wait to execute Awkal until he becomes competent. Thus, pursuant to R.C. 2505.02(B), the trial court's determination that

Awkal is incompetent does not constitute a final, appealable order, and we are without jurisdiction to hear the appeal.

**{¶19}** Appeal dismissed.

It is ordered that appellee recover of appellant his costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

PATRICIA ANN BLACKMON, ADMINISTRATIVE JUDGE

COLLEEN CONWAY COONEY, J., CONCURS;
SEAN C. GALLAGHER, J., CONCURS IN
JUDGMENT ONLY WITH ATTACHED OPINION

SEAN C. GALLAGHER, J., CONCURRING IN JUDGMENT ONLY:

**{¶20}** While I concur with the majority's view that appellant's motion for leave to appeal should be denied at this level, I do not agree that the trial court's decision is not a final appealable order capable of review.

**{¶21}** I believe conferring jurisdiction on appellate courts to hear competency to be executed determinations under R.C. 2949.28 and 2949.29 goes against the spirit of the Ohio Constitution, Article IV, Section 3(B)(2).

**{¶22}** R.C. 2949.28 and 2949.29 are silent on appellate review. The Ohio Constitution, Article IV, Section 3(B)(2), expressly states that "* * * except that courts of

appeals *shall not* have jurisdiction to review on direct appeal a judgment that imposes a sentence of death." (Emphasis added.) While the trial court found Awkal incompetent, the decision dealt directly with the imposition of the death sentence. If the state has a remedy for the trial judge's decision, it is by way of direct appeal to the Supreme Court of Ohio.

**{¶23}** In *State v. Davis*, 131 Ohio St.3d 1, 2011-Ohio-5028, 959 N.E.2d 516, the Supreme Court of Ohio carved out a narrow exception to the constitutional mandate of exclusive jurisdiction on death penalty matters, holding that appellate courts could review a trial court's denial of a postconviction motion for leave to file a motion for a new trial. But as the majority correctly points out, R.C. 2949.28 competency to be executed determinations are not postconviction petitions. They do not go to the underlying *conviction*. They go to the *present* mental state of the offender and his or her competency to be executed. Admittedly, this has been a confusing area in the past with even this writer participating in a decision that blurred the distinction between R.C. 2953.21 and R.C. 2949.28 and 2949.29. *See State v. Brooks*, 8th Dist. Nos. 97455 and 97509, 2011-Ohio-5877.

**{¶24}** Also, I disagree with the majority's view that the state's appeal is not subject to review. I believe R.C. 2945.67(A) affords the state the right to appeal, by leave of court, any decision, other than the final verdict, in a criminal case, particularly when it affects a significant interest or involves a situation that may reoccur and evade

review.   I can think of no other decision that is more significant in criminal law than a death sentence.   I also believe that the state has the right to seek redress under R.C. 2505.02(B)(2).   Clearly, competency to be executed determinations under R.C. 2949.28 and 2949.29 are "special proceedings" under R.C. 2505.02(B)(2), and the state should at least have the opportunity for review.

{¶25}   My concerns here are heightened by the fact there were clear errors in the procedural record of this case.   As the majority noted and the state conceded, the trial court improperly characterized this petition as a postconviction matter under R.C. 2953.21.   The majority sweeps aside these procedural irregularities under the guise of "wrong terminology," but the record reflects more was at work in this instance than the language or captions of the pleadings.

{¶26}   First, this matter was heard as a "renewed" postconviction relief motion where a prior ruling had already been made and journalized.   A motion for reconsideration of a final order is a nullity.   *Pitts v. Ohio Dept. of Transp.*, 67 Ohio St.2d 378, 379, 423 N.E.2d 1105 (1981).   Even if this could be characterized as a "renewed" postconviction petition, the trial court's determination that a subsequent postconviction petition was warranted under R.C. 2953.23(A) suggests that as long as a defendant's counsel could find a psychiatrist somewhere who would support their position, even 20 years after the expiration of the 180-day limit on postconviction petitions, they would be deemed to have been "unavoidably prevented" from the discovery of this diagnosis.   To

deny the state the opportunity to at least have this process reviewed seems fundamentally unfair. The trial court's reference to "Atkins issues" (involving mental retardation) as a basis for conferring jurisdiction is also troublesome. R.C. 2949.29 expressly precludes any reference to mental health statutes when determining competency to be executed:

> Neither Chapter 5122. or 5123. of the Revised Code nor any other provision of the Revised Code nor any other rule concerning mentally ill persons, mentally retarded persons, or insane persons applies to any proceeding for inquiry into the insanity of any convict sentenced to death.

{¶27} Awkal may well be incompetent to be executed, but the process to determine his competency should at least follow the correct statute. I would dismiss this appeal but afford the state the opportunity to request review by the Supreme Court of Ohio.