OPINION
{¶ 1} Appellant herein, Cynthia Chilcutt, appeals the decision of the Crawford County Municipal Court, finding her guilty of OMVI, in violation of R.C. 4511.19(A)(1).
 {¶ 2} On February 15, 2003, appellant was pulled over in Bucyrus, Ohio by the Ohio State Highway Patrol. The patrolman stopped the appellant after noticing that the exhaust on appellant's car was hanging low and appeared to be defective. After approaching the vehicle and speaking with appellant, the patrolman suspected appellant had been drinking.
 {¶ 3} The patrolman asked appellant to submit to the horizontal gaze nystagmus test, which appellant performed and failed. Based on the results of the test, the patrolman then asked appellant to take a breathalyzer test. Appellant consented and the results indicated that appellant's blood-alcohol-content was .15 percent, one and one-half times the legal limit at the time of appellant's arrest. The patrolman proceeded to give appellant a citation, tow her car and take appellant to the patrol station.
 {¶ 4} Appellant was charged with driving under the influence in violation of R.C. 4511.19(A)(1) and operating a vehicle with a defective exhaust in violation of R.C. 4513.22. A trial was conducted on May 8, 2003. Following the presentation of evidence, the jury returned a guilty verdict for both offenses. As this was appellant's third violation of R.C. 4511.19(A) within the last six years, appellant was subsequently sentenced to three hundred sixty-five days in jail, a fine of $550 and a driver's license suspension for ten years, subject to review after one year.
 {¶ 5} It is this decision from which appellant appeals, asserting two assignments of error for our review.
 ASSIGNMENT OF ERROR NO. I In Consideration of App. Rule 26B-1, please reopen this conviction forreview. Note: Defendants [sic] counsel, insubstanciated [sic] propercontrol of the court room.
 ASSIGNMENT OF ERROR NO. II Prosecution counsel unprofessionally unsubstanciated [sic] impropermotives concerning defenses [sic] best interest.
 {¶ 6} The burden of affirmatively demonstrating error on appeal rests with the party asserting error. App.R. 9; App.R. 16(A)(7); State exrel. Fulton v. Halliday (1944), 142 Ohio St. 548. App.R. 12 requires that an appellate court determine the merits of an appeal on the "assignments of error" which should designate the specific rulings that the appellant challenges. North Coast Cookies, Inc. v. Sweet Temptations, Inc. (1984)16 Ohio App.3d 342. Pursuant to App.R. 16, an appellant must present his or her contentions with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record upon which he or she relies. App.R. 16 (A)(7); Roberts v. Hutton (2003), 152 Ohio App.3d 412,417-418.
 {¶ 7} App.R. 16 provides in pertinent part:
The appellant shall include in its brief, under the headings and in theorder indicated, all of the following:
 (1) A table of contents, with page references.
 (2) A table of cases alphabetically arranged, statutes, and otherauthorities cited, with references to the pages of the brief wherecited.
 (3) A statement of the assignments of error presented for review, withreference to the place in the record where each error is reflected.
 (4) A statement of the issues presented for review, with references tothe assignments of error to which each issue relates.
 (5) A statement of the case briefly describing the nature of the case,the course of proceedings, and the disposition in the court below.
 (6) A statement of facts relevant to the assignments of error presentedfor review, with appropriate references to the record in accordance withdivision (D) of this rule.
 (7) An argument containing the contentions of the appellant withrespect to each assignment of error presented for review and the reasonsin support of the contentions, with citations to the authorities,statutes, and parts of the record on which appellant relies. The argumentmay be preceded by a summary.
 (8) A conclusion briefly stating the precise relief sought.
 {¶ 8} An appellate court may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A). App.R. 12.
 {¶ 9} In the case sub judice, appellant appears pro se. Although pro se litigants are generally afforded leniency and are not held to the same standard as attorneys, there is a limit. State ex rel. Karmasu v.Tate (1992), 83 Ohio App.3d 199, 206; In re Paxton (June 30, 1992), Scioto App. No. 91-CA2008. The principles that require generous construction of pro se filings do not allow courts to construct full-blown claims from convoluted reasoning. Id. (Citation omitted.)
 {¶ 10} Appellant's argument comprises two-thirds of one page of her brief. In her argument, appellant makes five specific allegations. These allegations range from the violation of appellant's civil rights by the officer who made the traffic stop, to prosecutorial misconduct and ineffective assistance of counsel. However, these allegations are vague, exceedingly difficult to decipher and are not supported by a single citation to case law, statutory or constitutional authority or specific reference to the record.
 {¶ 11} Giving appellant leniency as a pro se litigant, we find that appellant has failed to even minimally comply with App.R. 16 in either form or substance. Specifically, appellant has failed to set forth her contentions "with respect to each assignment of error presented for review and the reasons in support[.]" Appellant has also failed to cite to appropriate authority and to the relevant portions of the record, which demonstrate error on the part of the trial court. App.R. 16(A)(7). Pursuant to App.R. 12(A)(2), if an appellant fails to comply with procedure, the "court may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based * * * as required under App.R. 16(A)." Thus, this Court has the discretion to disregard appellant's assignments of error. See Hawley v. Ritley (1988), 35 Ohio St.3d 157,159.
 {¶ 12} The general assertions contained in the appellant's brief do not indicate how the trial court erred. In a practical, as well as a legal sense, this makes it virtually impossible for this court to review appellant's claims, even if we were able to accurately decode the presentation of the claims to this court. It is for this reason that it is the appellant's duty, not the duty of the appellate court, to set forth an argument in support of an assignment of error. App.R. 12; Slyder v.Slyder (Dec. 29, 1993), Summit App. No. 16224. It is not appropriate for this court to construct the legal arguments in support of an appellant's appeal. Therefore, we are constrained to disregard appellant's assignments of error pursuant to App.R. 12(A)(2).
 {¶ 13} Appellant's assignments of error are overruled.
 {¶ 14} Having found no error prejudicial to appellant herein, in the particulars assigned and argued, we affirm the judgments of the trial court.
Judgments affirmed.
Walters and Shaw, JJ., Concur.