OPINION
{¶ 1} Defendant-appellant, Romane Rickles ("appellant"), appeals the judgment of the Common Pleas Court of Paulding County, Probate Division denying his exceptions to the guardians' first and final account of the estate of Minnie Rickles.
 {¶ 2} Janet Goyings, the great-niece of Minnie Rickles, and Randall Goyings, Janet's husband, were appointed to be co-guardians of the person and estate of Minnie Rickles, an incompetent person, on September 9, 2002 and remained guardians over Minnie and her estate until Minnie's death On October 20, 2002. After Minnie's death, Janet and Randall filed the "guardians' first and final account" on behalf of Minnie Rickles. Appellant filed nine (9) exceptions to the guardians' first and final account. A hearing on the matter was held on September 17, 2003. The trial court issued its judgment on September 18, 2003 in which it overruled all nine (9) of appellant's exceptions and approved the guardians' first and final account.
 {¶ 3} Appellant, now appeals the September 18, 2003 judgment of the trial court and sets forth two assignments of error for our review. For purposes of clarity and brevity, we will address appellant's assignments of error together.
 ASIGNMENT OF ERROR NO. I Probate court's predispositioned, unreasonable, arbitrary andunconscionable decisions known as an abuse-of-discretion [sic]violated substantial-right in a special-proceeding pursuant toOhio Constitution [sic], Ohio statutes and Ohio case law whenchoosing to disregard the statutory-purpose [sic] of anexception-hearing and causing an irreparable lost [sic] of areview that must await a final judgment in another case of thedecedent's estate by:
 A. Overruling and denying all exceptions to the guardian'sfirst and final account without their discussion thus denying theusage of specified Ohio law for examination and withjudgment-prevention of protecting and a remedy of claim ofproperty rights. (Record Ref: Jdg.Ety. Apdx.Pg. 13, Trsct.Pg.8-9,26-27; Exptn.Pg. 2-6, 12-16, 21-22, 24-26, 33, 35, 39-41) [sic].
 B. Ignoring mandatory-Statutes requiring Fiduciarys' accountjustification and validation with judgment that closes a redressin court for justice administered without denial or delay.(Record Ref: Jdg.Ety. Apdx.Pg. 13, Trscpt.Pg.8-9, 26-27;Exptn.Pg. 2, 5-6, 14-16, 24, 35) [sic].
 C. Disregarding the exception-accusations of Ohio lawviolations in the Guardians first and final account withjudgment-stoppage of right to proceed further on the account'sappearances of fraud for the Estate's liquid — assets. (RecordRef: Jdg.Ety. Apdx. Pg.13, Trscpt.Pg.8-9, 26-27; Exptn.Pg. 24, 33,35-37, 39-41, 44-45) [sic].
 ASSIGNMENT OF ERROR NO. II Probate court's bias, unreasonable, unreasonable, arbitraryand unconscionable decisions which constitutes anabuse-of-discretion is without proper consideration of facts andlaw in Ohio Statutes and Ohio case-law on exception-hearings byviolating substantial-right in a special-proceeding whendeclaring the five monetary-exceptions can be "objected-to" inanother case; the decedent's estate is thus causing stoppage forprotecting and a remedy of claim property-rights with denial of aredress in court for justice administered without denial ordelay. (Record Ref: Jdg.Ety. Apdx.Pg.13, Trscpt.Pg.8-9, 26-27;Exptn.Pg. 2-6, 8, 11-16, 20-22, 24) [sic].
 {¶ 4} In the case sub judice, appellant appears pro se. Although pro se litigants are generally afforded leniency and are not held to the same standard as attorneys, there are limits to the court's leniency. See State v. Chilcutt, Crawford App. No. Nos. 3-03-16, 3-03-17, 2003-Ohio-6705, at ¶ 9; citing State exrel. Karmasu v. Tate (1992), 83 Ohio App.3d 199, 206; In rePaxton (June 30, 1992), Scioto App. No. 91-CA2008.
 {¶ 5} Within his brief to this court, appellant has made reference to several statutes, constitutional amendments, rules and several cases in an attempt to support his assignments of error. Appellant's assertions and arguments, however, are difficult to understand and are largely unintelligible. Pursuant to App.R. 12(A)(2), if an appellant fails to comply with procedure, an appellate court "may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A)." Thus, this Court has the discretion to disregard appellant's assignments of error. SeeHawley v. Ritley (1988), 35 Ohio St.3d 157, 159.
 {¶ 6} Although the appellant, herein, has failed to cite to the relevant portions of the record in order to demonstrate where the trial court had erred and his brief is overall deficient, we have reviewed the record in its entirety to determine whether the trial court abused its discretion by denying all nine (9) of appellant's exceptions and whether the court erred by approving the guardians' first and final account.
 {¶ 7} Appellant's first five exceptions are in regard to real property and accounts listed in the guardians' first and final account, specifically: (1) decedent's real property, allegedly subject to a transfer-on-death deed to appellant; (2) Delco Farm Management checking account, allegedly transferred-on-death of decedent to appellant; (3) Sky-Bank money-market account (# 4602063888), allegedly paid-on-death to appellant; (4) total U.S. Savings Bonds of $69,399.72, which were allegedly redeemed or lost by decedent, and; (5) PainWebber Investment Account (# FJ2227646), allegedly paid-on-death to appellant.
 {¶ 8} R.C. 2109.301(A) provides in pertinent part that:
* * * every guardian or conservator shall render a finalaccount
 * * * after completing the administration of the ward'sestate * * *.
 Every account shall include an itemized statement of allreceipts of the guardian or conservator during the accountingperiod and of all disbursements and distributions made by theguardian or conservator during the accounting period. * * * Inaddition, the account shall include an itemized statement of allfunds, assets, and investments of the estate known to or inthe possession of the guardian or conservator at the end of theaccounting period * * *.
Emphasis added. A guardian of the estate is required to include its account of all assets coming into the hands of the guardian during the guardianship. In the present case, the financial accounts and real estate, which appellant asserts are pay on death and transfer on death items, nevertheless came into the hands of the guardian during the existence of the guardianship. Thus, at least at some point, the property was an asset of the guardianship and was required to be included in the guardians' first and final account. See Miller v. Yocum (1970),21 Ohio St.2d 162. The probate court, therefore, did not error in overruling appellant's first five exceptions to the guardianship account.
 {¶ 9} Appellant's four remaining objections to the guardians' first and final account regard the following: (6) the "balance of guardianship funds" listed as $223,915.81; (7) Guardian's fees of $2,958.24; (8) two separate safe-deposit boxes located at Community Bank and Sky Bank, which were allegedly not correctly inventoried, and lastly; (9) the expenditure of $76.54 to pay decedent's Alltel telephone bill. Based upon the record before this court, we conclude that all four of these exceptions are without merit.
 {¶ 10} Appellant's sixth and eighth exceptions are without significance to the approval of the guardians' first and final account and a review of them is unnecessary to this appeal.[1] Appellant's seventh and ninth exceptions were denied on the grounds that both the "guardians' fee" and the expenditure to pay decedent's Alltel telephone bill from the ward's checking account were previously approved and allowed by order of the probate court. Because the record indicates that these expenditures were approved by the probate court, there is no basis upon which their disbursement should be excepted from the guardians' first and final account.
 {¶ 11} We have carefully examined the record before us, including the September 17, 2003 transcript from the hearing on appellant's exceptions to the guardians' first and final account, and are satisfied that the trial court did not err or commit an abuse of discretion by denying appellant's exceptions or approving the guardians' first and final account.
 {¶ 12} Having found no error prejudicial to appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
Shaw, P.J., and Bryant, J., concur.
[1] The trial court denied appellant's sixth exception on the basis that his exception was based on mere semantics, i.e., appellant argued that the "balance of the guardianship" of approximately $223,000 should be listed as a "receipt" rather than a "disbursement" in the final account. As to appellant's eighth objection, the alleged safe-deposit boxes do appear in the guardians' first and final account, however, the space where their value is supposed to be listed is blank. Accordingly, the safe-deposit boxes are accounted for but their value has not yet been determined. Presumably, the contents will be inventoried under the required procedures by the fiduciary of the estate. Consequently, any error in this regard would be inconsequential and does not prevent the approval of the guardians' first and final account.