OPINION
{¶ 1} Appellant, Barbara Thacker, Executrix of the Estate of Richard K. Thacker, appeals from the final judgment of the Portage County Court of Common Pleas, Probate Division, overruling exceptions she filed relating to the final guardianship accounting submitted by appellee, James Masi, Esq., the interim guardian. For the reasons discussed below, we affirm. *Page 2 
 {¶ 2} On December 15, 2005, appellant was appointed guardian of the estate and co-guardian of the person of Richard Thacker, the ward. Louise Thacker, the ward's spouse, was also appointed as co-guardian of the person of the ward. On March 20, 2006, Louise Thacker, by and through her counsel, filed a motion to remove appellant as both guardian of the person of the ward and guardian of the estate. After a hearing before the magistrate, the court ordered appellant's removal as guardian of the estate. On August 8, 2006, appellant filed timely objections to the magistrate's decision. On October 23, 2006, a hearing was held before the court on the objections to the magistrate's decision. The court upheld and subsequently adopted the magistrate's decision and ordered the removal of both appellant and Louise Thacker as co-guardians of the person of the ward as well as removing appellant as guardian of the estate.
 {¶ 3} Subsequent to appellant's removal, on October 25, 2006, Attorney James Masi was appointed as interim guardian of the ward. The evidence indicates appellant failed to file a final account with the court until December of 2006. On January 12, 2007, appellee filed an application for authority to expend funds from the guardianship estate. The application was authorized and ordered by the probate court on the same day. Two days after the funds were released, the ward passed away on January 14, 2007. On June 22, 2007, appellee filed his final distributive accounting of the guardianship estate. According to appellee's final account, Richard K. Thacker's Guardianship Estate was valued at $1,569,253.19 at the time of his death.
 {¶ 4} Appellant subsequently filed exceptions to the accounting. Appellant's exceptions specifically took issue with several of the expenditures previously approved by the court in appellee's January 12, 2006 application for release of funds. *Page 3 
Specifically, appellant took exception to the payment of (1) Louise Thacker's counsel, Andrea Minton, Esq., in the amount of $6,971.51; (2) a Key Bank Visa, which, at the time of the release of funds, had a balance of $10,900.00; and appellee's guardian fee in the amount of $6,645.00.
 {¶ 5} After a hearing, the magistrate overruled appellant's exceptions to appellee's final accounting. Appellant filed timely objections to the magistrate's decision. After hearing on the objections, the trial court adopted the magistrate's decision. Appellant now files this timely appeal asserting four assignments of error.
 {¶ 6} We shall address appellant's fourth assignment of error first. Under her fourth assigned error, appellant contends:
 {¶ 7} "The trial court erred and abused its discretion in applying the law of In Re: Rickels Guardianshi[p]."
 {¶ 8} Under this assignment of error, appellant asserts the trial court inappropriately relied upon the authority in In re Rickels, 3d Dist. No. 11-03-13, 2004-Ohio-2353 because (1) Rickels is not binding upon probate courts within this district and (2) the facts of this case are distinguishable from those in Rickels.
 {¶ 9} In the instant matter, the exceptions appellant filed to the final distributive accounting of the guardianship relate solely to expenditures which were previously approved by order of the probate court on January 12, 2007. At no point did appellant file specific objections to the release of these funds. In Rickels, the appellant filed exceptions to the final accounting of a guardianship asserting that the guardian's fee and certain expenditures used to pay the ward's telephone were improper. The Third Appellate District held: *Page 4 
 {¶ 10} "Because the record indicates that these expenditures were approved by the probate court, there is no basis upon which their disbursement should be excepted from the guardians' first and final account." Id. at ¶ 10.
 {¶ 11} The exceptions filed in the instant matter address expenditures very similar to those discussed in Rickels. Furthermore, the expenditures upon which the instant exceptions are premised suffer from the exact procedural deficiency as those disposed of inRickels, viz., the funds used for these expenditures were previously approved by a valid judicial order authorizing their release. While we agree generally with the manner in which the Rickels court resolved this issue, we believe that solution inapposite to the instant case.
 {¶ 12} In this case, the application for release of funds and the order approving their release were filed on the same day. Given the expeditious nature with which the trial court ruled upon appellee's application, it would have been temporally impossible for appellant to file objections prior to the court's authorization. Even had appellant leveled an objection to the release of funds earlier, we fail to see how she could have objected prior to the court's formal authorization. In other words, any objection to the release of funds would have occurred after the authorization thereby placing appellant in the same position she stood at the time of the hearing on her exceptions to the final accounting. Because appellant did not have a reasonable opportunity to file objections to the application for release of funds, it would be unjust to apply the holding in Rickels to the instant matter.
 {¶ 13} That said, however, the trial court's judgment does not rest upon an application of the rule announced in Rickels; to the contrary, the trial court overruled *Page 5 
appellant's exceptions based upon the testimony and evidence submitted at the November 5, 2007 hearing on appellant's exceptions. Although we find the argument appellant asserts under her fourth assignment of error persuasive, it mistakenly assumes the trial court's judgment was premised upon Rickels. It was not. We therefore hold any reference toRickels in the trial court's judgment was, at worst, harmless error pursuant to Civ. R. 61.
 {¶ 14} Appellant's fourth assignment of error is overruled.
 {¶ 15} Appellant's first assignment of error reads:
 {¶ 16} "The trial court erred as a matter of law and abused its discretion in granting the interim guardian attorney fees when the guardian was unable to identify the exact services performed in a legal capacity."
 {¶ 17} A probate court possesses the discretion to determine the proper fee for a guardian. In Re Cook (June 30, 1994), 8th Dist. No. 65430, 1994 Ohio App. LEXIS 2871, *6. The probate court's decision will be upset only upon an abuse of discretion. An abuse of discretion is more than an error of law or judgment; rather, it suggests the trial court's decision was either arbitrary, unreasonable, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 18} Appellant's argument under her first assignment of error asserts the trial court committed error in awarding appellee attorneys fees for his services. The record does not reflect the court abused its discretion.
 {¶ 19} While appellee, a licensed attorney, served in a dual capacity as attorney/guardian, the record reveals he applied as guardian, not attorney, for compensation for his services. Appellee's testimony and his documentation of the time *Page 6 
he spent working as interim guardian clearly revealed that his services involved a blend of both general guardianship as well as legal work. Because appellee's dual role precluded the need for hiring a separate attorney to assist in administration of the guardianship, his service in this dual capacity likely streamlined the administration of the guardianship estate, thereby creating a more efficient and cost-effective management of the same. The trial court further pointed out:
 {¶ 20} "[Appellee] performed numerous and various legal and fiduciary duties during his tenure as Interim Guardian of the Person and Estate of Richard K. Thacker. The services he performed were necessary and essential to the administration of the Guardianship, especially in light of the contentious nature of the Parties, including the Exceptor, Barbara Thacker Kunig. Mr. Masi's hourly rate of a hundred and fifty dollars ($150.00) is reasonable and appropriate. It should be noted that on at least two (2) separate occasions, the Exceptor, Barbara Thacker Kunig, sought this Court's approval to pay her personal attorneys an hourly rate between one hundred and fifty dollars ($150.00) and two hundred and five dollars ($205.00) per hour.
 {¶ 21} "The Exceptor failed to present any evidence to rebut the testimony of Mr. Masi regarding the appropriateness and reasonableness of his compensation request.
 {¶ 22} Appellant points out, however, that the trial court did not explicitly consider the factors governing attorney fees set forth under DR 2-106 (now Ohio R.Prof. Cond. 1.5). Although the trial court did not discuss the DR 2-106 factors, its award was premised upon appellee's service and the actions taken as a guardian/attorney. As pointed out above, much of the work was fundamentally interrelated and consequently *Page 7 
the trial court's award of fees was not merely a function of appellee's service as attorney. As appellee's application for fees indicates, he was seeking a "guardian fee." Although he used his professional background as an attorney in executing his guardianship obligations, he did not solicit separate fees as an attorney for the guardianship. We therefore hold, given appellee's testimony and the supportive documentation submitted into evidence, the trial court did not abuse its discretion in awarding the fees at issue.
 {¶ 23} For her second assignment of error, appellant asserts:
 {¶ 24} "The trial court erred as a matter of law and abused its discretion in ordering the payment of fiduciary fees at the guardian's attorney rate for performing strictly fiduciary functions."
 {¶ 25} Under her second assignment of error, appellant argues the trial court abused its discretion awarding appellee guardianship fees at his attorney rate. We disagree.
 {¶ 26} Nothing in the transcript of proceedings or in the record indicates the hourly amount appellee sought for his services as guardian is the hourly amount he charges as an attorney. Without some evidence appellant's hourly fee for his services as attorney is the same amount as the amount he sought for his fee as guardian, appellant's argument is based upon speculation. As discussed supra, in light of appellee's testimony as to the manner in which he managed his duties as guardian and the evidence of the time he spent doing so, the trial court concluded appellee's fee was "reasonable and necessary." The trial court's decision was neither arbitrary nor unreasonable. *Page 8 
 {¶ 27} Appellant's second assignment of error lacks merit.
 {¶ 28} Appellant's third assignment of error alleges:
 {¶ 29} "The decision of the trial court that payments made to Louise Thacker were not at least in part duplication of payments made by the prior guardian was against the manifest weight of the evidence and thus the trial court abused its discretion."
 {¶ 30} Appellant argues that the record, most importantly her post hearing brief, illustrated that appellant provided duplicate payments for expenses incurred on a Key Bank credit card thereby breaching his fiduciary duty to the guardianship estate. Specifically, she asserts she provided the ward's spouse with money to pay the Key Bank credit card but, evidently, that money was not put toward payment of the credit card. Appellant argues appellee breached his fiduciary duty by failing to investigate certain receipts indicating she had previously disbursed funds covering these expenses. We disagree.
 {¶ 31} Although appellant may have, at one point or another, allocated monies meant for payment of the expenses originally covered by the credit card, these disbursements were not applied against the credit card balance. Appellee, after his appointment as interim guardian, paid the credit card debt in the amount of $10,900.00 from funds released from the guardianship estate. Although appellant may be rightly frustrated that the money she earmarked for the payment of the credit card debt was not applied as she intended, these facts do not imply appellee's payment of the debt is tantamount to a duplicative payment.
 {¶ 32} Because appellant submitted no evidence that she actually paid the Key Bank credit card balance, she has failed to establish appellant inappropriately obtained *Page 9 
funds from the guardianship estate to pay the same debt. Accordingly, the trial court's judgment is supported by the weight of competent, credible evidence.
 {¶ 33} Appellant's third assignment of error is overruled.
 {¶ 34} For the reasons discussed in this opinion, appellant's four assignments of error lack merit. Therefore, the judgment of the Portage County Court of Common Pleas is hereby affirmed.
MARY JANE TRAPP, J., concurs,
 COLLEEN MARY OTOOLE, J., concurs in judgment only. *Page 1