[Cite as *Lacy v. Sloan*, 2014-Ohio-1348.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**ASHTABULA COUNTY, OHIO**

| | | |
|---|---|---|
| GARY LACY, | : | **O P I N I O N** |
| Petitioner, | : | |
| - vs - | : | **CASE NO. 2013-A-0064** |
| BRIGHAM SLOAN, WARDEN, | : | |
| Respondent. | : | |

Original Action for Writ of Habeas Corpus.

Judgment: Petition dismissed.

*Gary Lacy,* pro se, PID: A623415, Lake Erie Correctional Institution, 501 Thompson Road, P.O. Box 8000, Conneaut, OH 44030 (Petitioner).

*Mike DeWine,* Ohio Attorney General, State Office Tower, 30 East Broad Street, Columbus, OH 43215 (Respondent).

CYNTHIA WESTCOTT RICE, J.

{¶1} Petitioner, Gary Lacy, has filed an original action in habeas corpus for this court's consideration. Respondent, Brigham Sloan, Warden of the Lake Erie Correctional Institution, has filed a motion to dismiss pursuant to Civ.R. 12(B)(6).

{¶2} Petitioner was convicted of one count of receiving stolen property, one count of failing to comply with the order or signal of a police officer, and one count of assault on a police officer. He appealed his convictions and, in *State v. Lacy*, 6th Dist.

Huron No. H-12-011, 2013-Ohio-842, the Sixth Appellate District affirmed the trial court's judgment.

{¶3} On October 25, 2013, petitioner filed an original action in this court seeking relief in habeas corpus pursuant to R.C. 2725.04. Respondent filed a motion to dismiss and petitioner filed a reply to respondent's motion. For the following reasons, respondent's motion is granted and the underlying petition is dismissed.

{¶4} Preliminarily, in filing for habeas relief, petitioner has failed to comply with various procedural requirements, each of which, individually, is a basis for dismissal. First, appellant failed to attach "a copy of the commitment or cause of detention" as required by R.C. 2725.04(D). "[C]ommitment papers are necessary for a complete understanding of the petition. Without them the petition is fatally defective. *Bloss v. Rogers*, 65 Ohio St.3d 145, 146 (1992); *see also Boyd v. Money,* 82 Ohio St.3d 388 (1998).

{¶5} Next, appellant failed to properly verify his petition as required by R.C. 2725.04. To "verify" the petition, a petitioner must enter a formal declaration, made in the presence of an authorized officer, swearing to the truth of the statements in the document. *See e.g. Chari v. Vore*, 91 Ohio St.3d 323, 328 (2001). The failure to comply with the verification requirement is a basis for dismissal of the petition. *See e.g. Sidle v. Ohio Adult Parole Authority*, 89 Ohio St.3d 520 (2000).

{¶6} Appellant further failed to comply with the mandates of R.C. 2969.25(C). Appellant sought a waiver of fees and costs associated with the underlying action. R.C. 2969.22 requires state inmates to pay the filing fees in nearly all civil actions and

2

appeals commenced in a state court. In order to have fees waived, an inmate must comply with R.C. 2969.25(C), which provides:

{¶7} (C) If an inmate who files a civil action or appeal against a government entity or employee seeks a waiver of the prepayment of the full filing fees assessed by the court in which the action or appeal is filed, the inmate shall file with the complaint or notice of appeal an affidavit that the inmate is seeking a waiver of the prepayment of the court's full filing fees and an affidavit of indigency. The affidavit of waiver and the affidavit of indigency shall contain all of the following:

{¶8} (1) A statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier;

{¶9} (2) A statement that sets forth all other cash and things of value owned by the inmate at that time.

{¶10} In this case, the underlying petition was defective because, although petitioner filed an affidavit of indigency and sought a waiver of fees and costs, he failed to include in his affidavit a statement setting forth the balance in his inmate account for each of the preceding six months, as certified by the institutional cashier. These requirements are mandatory and failure to comply with them subjects the petitioner's action to dismissal. *State ex rel. White v. Bechtel*, 99 Ohio St.3d 11, 2003-Ohio-2262, ¶5.

{¶11} The foregoing reasons, taken individually or collectively, are sufficient to dismiss petitioner's action.

{¶12} Even if the petition complied with the foregoing procedural requirements, the arguments in his petition fail to meet the substantive criteria for habeas corpus relief. Petitioner asserted the following issues in support of relief:

{¶13} 1. That the confinement of the Petitioner with private persons who own and operate this Institution is not governmental, it is privatized, or a private prison housing inmates convicted of or who have pleaded guilty to what are labeled as criminal offenses, or crimes, which bring on the appearance of being real.

{¶14} 2. The Revised Code empowers such housing of inmates which has not been determined valid, the validity of the statute is not ascertained.

{¶15} 3. The power or authority to house such persons is not supreme legislation.

{¶16} 4. The conviction of petitioner is not done pursuant to supreme legislation.

{¶17} Habeas corpus is an available remedy only in "certain extraordinary circumstances where there is an unlawful restraint of a person's liberty, notwithstanding the fact that only nonjurisdictional issues are involved, but only where there is no adequate legal remedy, *e.g.*, appeal or postconviction relief." *State ex rel. Jackson v. McFaul*, 73 Ohio St.3d 185, 186 (1995), citing *State ex rel. Pirman v. Money*, 69 Ohio St.3d 591, 593 (1994). "Additionally, habeas corpus lies only if the petitioner is entitled

4

to immediate release from confinement." *Jackson* at 188, citing *Pewitt v. Lorain Corr. Inst*, 64 Ohio St.3d 470, 472 (1992); R.C. 2725.17.

{¶18} Petitioner's first, second, and third "issues" essentially challenge the locus of his confinement, not the validity of his confinement. The "issues" fail to allege, let alone establish, petitioner is entitled to immediate release from confinement. And his final "issue" appears to assert he was unjustly convicted; petitioner, however, had an adequate remedy at law, which he utilized on direct appeal, to challenge the sufficiency, weight, or any other issues that affected the justice of the criminal proceedings leading to his conviction. Because none of the arguments asserted in his petition are appropriate for relief in habeas corpus, petitioner has failed to state a claim upon which relief can be granted. *See* Civ.R. 12(B)(6).

{¶19} For the reasons discussed above, petitioner's action in habeas corpus is dismissed.

DIANE V. GRENDELL, J., concurs,

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

_____

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

{¶20} I respectfully dissent.

{¶21} This writer notes that under the United States Constitution, there is no right to appeal, "as a matter of right." *See Abney v. United States*, 431 U.S. 651, 656 (1977) (holding that there is no constitutional right to appeal; rather, the right to appeal

5

in a criminal case is a creature of statute). However, I stress that an appeal is a matter of right in criminal proceedings under the Ohio Constitution. *See State v. Awkal*, 8th Dist. Cuyahoga Nos. 98532 and 98553, 2012-Ohio-3970, ¶2 (Blackmon, A.J.); Article IV, Sections 1, 2, and 3 of the Ohio Constitution (appeal "as a matter of right").

**{¶22}** An appeal "as of right" is "[a]n appeal to a higher court from which permission need not be first obtained." *Black's Law Dictionary* 74 (7th Ed.2000). In Ohio, in addition to the Ohio Constitution, pursuant to statute, "a defendant who is convicted of or pleads guilty to a felony may appeal as a matter of right." R.C. 2953.08(A). With that being said, it logically follows that courts should resolve matters on their merits and deal with issues for judicial economy. *See, e.g., State v. Rush*, 83 Ohio St.3d 53, 59 (1998).

**{¶23}** This case involves a pro se petitioner. Although there are limits, pro se litigants are generally afforded leniency. *See Henderson v. Henderson,* 11th Dist. Geauga No. 2012-G-3118, 2013-Ohio-2820, ¶22, citing *In re Rickels*, 3rd Dist. Paulding No. 11-03-13, 2004-Ohio-2353, ¶4; *State v. Chilcutt*, 3rd Dist. Crawford Nos. 3-03-16, 3-03-17, 2003-Ohio-6705, ¶9; *State ex rel. Karmasu v. Tate*, 83 Ohio App.3d 199, 206 (4th Dist.1992); *In re Paxton*, 4th Dist. No. 91-CA2008 (June 30, 1992).

**{¶24}** Based on the facts presented, I disagree with the majority's position in dismissing petitioner's petition at this time. Rather, I believe a show cause order should be issued allowing petitioner time to respond and cure any defects in the writ or to show cause as to why his noncompliance is not determinable of his action.

**{¶25}** Accordingly, I respectfully dissent.

6