[Cite as *In re: The Marriage of Stafford*, 2016-Ohio-7921.]

IN THE COURT OF APPEALS

ELEVENTH APPELLATE DISTRICT

LAKE COUNTY, OHIO


| | | |
|---|---|---|
| IN RE: THE MARRIAGE OF<br>TRACI E. STAFFORD, | : | **O P I N I O N** |
| | : | |
| Petitioner-Appellee, | : | **CASE NO. 2016-L-019** |
| | : | |
| and | : | |
| | : | |
| LAWRENCE N. STAFFORD, | : | |
| | : | |
| Petitioner-Appellant. | | |


Civil Appeal from the Lake County Court of Common Pleas, Domestic Relations Division, Case No. 09 DI 000410.

Judgment: Affirmed.


*Pamela D. Kurt,* 30432 Euclid Avenue, Suite 101, Wickliffe, OH 44092 (For Petitioner-Appellee).

*Lawrence N. Stafford,* pro se, 327 Coldeway Drive, F-17, Punta Gorda, FL 33950 (For Petitioner-Appellant).



COLLEEN MARY O'TOOLE, J.

{¶1} Appellant, Lawrence N. Stafford ("Father"), appeals from the judgment of the Lake County Court of Common Pleas, Domestic Relations Division, adopting the magistrate's decision; granting appellee's, Traci E. Stafford ("Mother"), motion to modify the parties' shared parenting plan; naming Mother as the sole residential parent of the parties' only child, L.A.S. ("the minor child"); and ordering Father to pay child support. On appeal, Father does not

challenge the substance of the modification or the magistrate's findings of fact and conclusions of law. Rather, Father asserts the trial court erred in denying his counsel's oral motion for a continuance on the day of trial and takes issue with his counsel's representation. For the reasons stated, we affirm.

{¶2} The parties were married on September 23, 1995. The minor child was born as issue of the marriage on May 21, 2000.

{¶3} On June 29, 2009, the parties, both residents of Lake County, Ohio, filed a petition for dissolution of marriage along with a separation agreement and an agreed shared parenting plan. A dissolution hearing was held before the magistrate on September 4, 2009. That same date, the magistrate issued a decision, upon agreement of the parties, finding the separation agreement fair and equitable and the shared parenting plan in the best interests of the minor child. Thus, the magistrate recommended granting the parties' petition for dissolution.

{¶4} Without any objection of the parties, the trial court adopted the magistrate's decision on September 8, 2009. The decree of dissolution and the final shared parenting plan were filed that same date.

{¶5} On June 18, 2015, Mother filed a motion to modify the parties' shared parenting plan asserting a change of circumstances and indicating that Father had moved to Florida. The matter was scheduled to take place before the magistrate later that summer. However, Father filed a pro se motion for continuance, which was granted. The matter was re-set. Father filed another pro se motion for continuance. That too was granted. The matter was re-set again.

{¶6} In her September 3, 2015 order, the magistrate specifically stated the following:

{¶7} "IT IS ORDERED, ADJUDGED AND DECREED that both parties and/or their legal counsel are required to appear in person for the trial * * * on [Mother's] Motion to Modify

Shared Parenting filed on June 18, 2015. This matter is set for TRIAL and therefore the parties must be present IN PERSON for this proceeding. The parties are directed to review Local Rule 8.01 related to Nonappearance of a Party at a Trial or Hearing." (Emphasis sic.)

{¶8} Mother's counsel was sent a notice of service of the foregoing September 3, 2015 order. Also, Father was sent a notice of service to his out-of-state address: 327 Coldeway Drive F-17, Punta Gorda, FL 33950.

{¶9} Thereafter, Father retained counsel, who filed a notice of appearance on September 23, 2015. The matter was re-set once again. And Father's counsel filed another motion for continuance, which was granted.

{¶10} Finally, on January 14, 2016, a trial on Mother's motion to modify the parties' shared parenting plan was held before the magistrate. Both parties' counsels were sent notices of service of the scheduled trial date. Mother appeared and was represented by counsel. Father, although previously ordered by the court to appear in person for trial, did not attend and was not even available by telephone. However, Father's counsel was present and made an oral request for another continuance on the day of trial, which was denied.

{¶11} On February 1, 2016, the magistrate issued a decision recommending that the shared parenting plan be modified as requested by Mother. Father never filed an objection to the magistrate's decision. Rather, Father later sent a "Letter of Apology" to the trial court conceding that he had received timely orders and communications from the court to his Florida address. However, Father alleged his counsel did not appropriately notify him of the scheduled January 14, 2016 trial date. Father further maintained that he had to work during the trial and believed he was not required to personally attend since he had retained an attorney.

3

**{¶12}** On February 29, 2016, the trial court adopted the magistrate's decision but did not issue a final ruling on the motion to modify shared parenting and did not include the new custody arrangement. Instead, the trial court referred to the parties' stipulations and attached to the judgment a pleading captioned as "Exhibit A," "Stipulations of the parties." The stipulations included, inter alia, that Mother shall be named the sole residential parent of the minor child. Father timely filed a pro se appeal with this court from the trial court's foregoing judgment.

**{¶13}** Pursuant to Civ.R. 54(A), on April 22, 2016, this court issued a judgment entry remanding the matter for the trial court to issue a new judgment entry which independently reflects the final orders of the court. In compliance with this court's order, the trial court issued a new judgment entry, i.e., a final appealable order, on May 2, 2016, adopting the magistrate's decision, granting Mother's motion to modify the parties' shared parenting plan, naming Mother as the sole residential parent of the minor child, and ordering Father to pay child support.

**{¶14}** Father raises the following two pro se assignments of error on appeal:

**{¶15}** "[1.] The trial court erred and abused its discretion by denying Father's counsel's oral motion for continuance based upon its opinion that in spite of prior rulings that he (Father) be present for trial, and that Father was put on notice of the magistrate's position as to his required attendance at trial.

**{¶16}** "[2.] The trial court erred and abused its discretion by failing to take into consideration Appellant's counsel's neglect in timely informing Appellant of court proceedings, and, although Appellant previously represented himself in the instant matter, the magistrate held Appellant solely accountable for his failure to appear 'in person' at the January 14, 2016 hearing."

4

**{¶17}** At the outset, we note that Father is proceeding pro se in this civil matter. "[A] pro se litigant is generally afforded leniency, however, there are limits to the court's leniency. *See In re Rickels*, 3rd Dist. No. 11-03-13, 2004-Ohio-2353, ¶4, citing *State v. Chilcutt*, 3rd Dist. Nos. 3-03-16, 3-03-17, 2003-Ohio-6705, ¶9; citing *State ex rel. Karmasu v. Tate*, 83 Ohio App.3d 199, 206 * * * (4th Dist.1992); *In re Paxton*, 4th Dist. No. 91-CA2008 (June 30, 1992). 'It is true that a court may, in practice, grant a certain amount of latitude toward pro se litigants.' *Goodrich v. Ohio Unemp. Comp. Rev. Comm.*, 10th Dist. No. 11AP-473, 2012-Ohio-467, ¶25, citing *Robb v. Smallwood*, 165 Ohio App.3d 385, 2005-Ohio-5863, ¶5 * * * (4th Dist.2005). 'However, the court cannot simply disregard the rules in order to accommodate a party who fails to obtain counsel.' *Id.* Although we recognize the difficult task a pro se litigant faces when representing himself, we must adhere to the established rule that "'(a) pro se litigant is held to the same standard as other litigants and is not entitled to special treatment from the court.'" *Lopshire v. Lopshire*, 11th Dist. No. 2008-P-0034, 2008-Ohio-5946, ¶32, quoting *Metzenbaum v. Gates*, 11th Dist. No. 2003-G-2503, 2004-Ohio-2924, ¶7, citing *Kilroy v. B.H. Lakeshore Co.*, 111 Ohio App.3d 357, 363 * * * (8th Dist.1996)." (Parallel citations omitted). *Henderson v. Henderson*, 11th Dist. Geauga No. 2012-G-3118, 2013-Ohio-2820, ¶22; *see also State v. Perry*, 11th Dist. Trumbull No. 2014-T-0029, 2015-Ohio-1221, ¶15.

**{¶18}** Further, we note again that Father did not file an objection to the magistrate's February 1, 2016 decision. Father also did not file with this court a transcript of the January 14, 2016 trial on Mother's motion to modify the parties' shared parenting plan held before the magistrate.[1] Nevertheless, the failure to file an objection to the magistrate's decision and a transcript of the trial proceedings before the magistrate do not directly affect the outcome of this appeal. The docket reveals a trial was had, both parties were represented by counsel, and the

---

1. Although Father failed to file a transcript, he cites to a "T.p." with page numbers in his appellate brief.

parties' stipulations were read into the record, including, inter alia, that Mother shall be named the sole residential parent of the minor child.

{¶19} We stress that Father does not challenge the substance of the magistrate's decision and the resulting trial court judgment entries. Rather, Father simply posits that the magistrate erred in proceeding with the trial despite his absence and his counsel's oral request to continue made on the day of trial. Father also takes issue with his trial counsel's representation.

{¶20} In his first assignment of error, Father argues the trial court abused its discretion in denying his counsel's oral motion for a continuance made on the day of trial.

{¶21} The Supreme Court of Ohio has held that "[t]he grant or denial of a continuance is a matter which is entrusted to the broad, sound discretion of the trial judge. An appellate court must not reverse the denial of a continuance unless there has been an abuse of discretion." *State v. Unger*, 67 Ohio St.2d 65, 67 (1981).

{¶22} The term "abuse of discretion" is one of art, connoting judgment exercised by a court which neither comports with reason, nor the record. *State v. Ferranto*, 112 Ohio St. 667, 676-678 (1925). An abuse of discretion may be found when the trial court "applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact.' *Thomas v. Cleveland*, 176 Ohio App.3d 401, 2008-Ohio-1720, ¶15 (8th Dist.).

{¶23} When an appellate court reviews a trial court's ruling on a motion to continue, the court "'"appl[ies] a balancing test, thereby weighing the trial court's interest in controlling its own docket, including the efficient dispensation of justice, versus the potential prejudice to the moving party."'" *In re K.M.D.*, 4th Dist. Ross No. 11CA3289, 2012-Ohio-755, ¶50, quoting *Foley v. Foley*, 10th Dist. Franklin Nos. 05AP-242 & 05AP-463, 2006-Ohio-946, ¶16, quoting *Fiocca v. Fiocca*, 10th Dist. Franklin No. 04AP-962, 2005-Ohio-2199, ¶7. In dealing with a

6

motion to continue, a trial court should consider the following factors: (1) the length of the delay requested; (2) whether other continuances have been requested and received; (3) the inconvenience to litigants, witnesses, opposing counsel and the court; (4) whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; (5) whether the defendant contributed to the circumstance which gives rise to the request for a continuance; and (6) other relevant factors, depending on the unique facts of each case. *K.M.D.* at ¶51, quoting *Unger*, *supra,* at 67-68.

{¶24} In this case, prior to the start of trial, Father's counsel orally requested a continuance, which the magistrate denied. In support of her denial, the magistrate stated the following in her February 1, 2016 decision:

{¶25} "[Father] was not present for the trial in spite of prior rulings by the undersigned Magistrate that he be present for the trial. A Magistrate's Order was filed on September 3, 2015 requiring [Father] to appear for trial on this matter. The order also directed [Father] to review Local Rule 8.01 related to Nonappearance of a Party at a Trial or Hearing. While the September 3, 2015 Magistrate's Order made specific reference to the October 1, 2015 trial date, [Father] was certainly put on notice of the Magistrate's position as to his required attendance at trial. Further, it was brought to the court's attention that [Father] was not even available via telephone on the date and time of the trial on January 14, 2016."

{¶26} The trial court docket shows, and Father acknowledges, that he represented himself pro se for most of the lower court proceedings and understood the relevant process. The trial court docket also shows, and Father acknowledges, that he sought and received continuances three times (two times pro se and one time via counsel), and sought but did not receive a fourth continuance (orally made by his counsel on the day of the trial). Father

concedes that he, and later his attorney, were properly served with all notices and decisions of the trial court, including the magistrate's order requiring the parties to appear in person at trial. Thus, Father had a responsibility to comply with the order and attend the scheduled trial. However, as noted in his "Letter of Apology," Father claims he believed he was not required to personally attend the trial since he had retained counsel.

{¶27} Based on the facts presented, we find the trial court used its discretion in controlling its own docket. Father requested and was granted three continuances, which amounted to an inconvenience for the trial court as well as for Mother, her counsel, and the minor child. The underlying purpose of a post-decree motion to modify a shared parenting plan is to maintain the best interest of the child. Children deserve finality.

{¶28} As stated, Mother's motion to modify was filed on June 18, 2015. Due to the continuances, however, the trial was not held until seven months later on January 14, 2016. And Father, through his counsel, wanted to delay that even further. Finding no legitimate reason, the trial court denied the fourth request for a continuance orally made by Father's counsel on the day of the trial.

{¶29} Father fails to show how he was prejudiced due to the denial of his fourth request. A review of the record does not establish that the court acted in an improper manner or denied appellant of any right. Father needed to take responsibility and attend the trial. He did not. In fact, Father was not even available by telephone. Nevertheless, Father's counsel did attend and served as Father's representative. Based on the facts presented, including the fact that Father failed to file a transcript of the trial proceedings, we must presume regularity. We fail to see any abuse of discretion.

{¶30} Father's first assignment of error is without merit.

8

**{¶31}** In his second assignment of error, Father alleges his trial counsel's representation was ineffective. Father contends his counsel neglected to timely inform him of court proceedings, namely the January 14, 2016 trial before the magistrate.

**{¶32}** The Sixth Amendment to the United States Constitution provides a criminal defendant the right to effective assistance of counsel. *Strickland v. Washington* , 466 U.S. 668, 686 (1984). However, there is no constitutional right to be represented by counsel in a civil proceeding between individual litigants. *Roth v. Roth*, 65 Ohio App.3d 768, 776 (6th Dist.1989). The right to effective assistance of trial counsel attaches only to criminal proceedings and to proceedings for the permanent, involuntary termination of parental rights. *See e.g., In re A.L.a.,* 11th Dist. Lake Nos. 2011-L-020 and 2011-L-021, 2011-Ohio-3124, ¶1, 114-119. The proper remedy for an allegation of ineffective assistance of counsel in a civil suit is through a legal malpractice action. *See Mayle v. Ravenna Aluminum*, 11th Dist. Lake No. 98-P-0103, 1999 Ohio App. LEXIS 5238, *4 (Nov. 5, 1999); *Clark v. Boals*, 5th Dist. Licking No. 06CA104, 2007-Ohio-2319, ¶68.

**{¶33}** In any event, however, we note that the record does not support Father's allegation that his counsel was neglectful.

**{¶34}** Again, in her September 3, 2015 order, the magistrate specifically stated the following:

**{¶35}** "IT IS ORDERED, ADJUDGED AND DECREED that both parties and/or their legal counsel are required to appear **in person** for the trial * * * on [Mother's] Motion to Modify Shared Parenting filed on June 18, 2015. This matter is set for TRIAL and therefore the parties must be present IN PERSON for this proceeding. The parties are directed to review Local Rule 8.01 related to Nonappearance of a Party at a Trial or Hearing." (Emphasis sic.)

9

{¶36} As stated, Father was sent a notice of service of the foregoing order to his Florida address.

{¶37} Loc.R. 8.01 of the Lake County Court of Common Pleas, Domestic Relations Division, provides:

{¶38} "If a party seeking relief fails to appear on the scheduled trial or hearing date, either in person or by counsel, the Court may enter an order dismissing the action for want of prosecution. If a responding party fails to appear, the Court may allow the case to proceed, and hear and determine all matters."

{¶39} Father believes that only he *or* his counsel was required to appear at the trial pursuant to the foregoing local rule. If Father's interpretation were correct, there would have been no reason for a continuance as his counsel was present and the hearing proceeded. We find Father's interpretation misplaced.

{¶40} The "either/or" phrase in Loc.R. 8.01 applies only to the party seeking relief, i.e., Mother. Conversely, Loc.R. 8.01 provides that if a responding party, i.e., Father, fails to appear for the scheduled trial, the case may proceed and the court may hear and determine all matters. Here, Father failed to appear at the scheduled trial and was even unavailable by telephone, although his counsel was present, and the magistrate properly proceeded to hear and determine all matters associated with Mother's motion to modify the parties' shared parenting plan.

{¶41} Nothing in the record before this court reveals that Father's counsel was neglectful or did anything improper as a result of the denial of his oral request for a continuance made on the day of trial.

{¶42} Father's second assignment of error is without merit.

{¶43} For the foregoing reasons, appellant's assignments of error are not well-taken. The judgment of the Lake County Court of Common Pleas, Domestic Relations Division, is affirmed.

CYNTHIA WESTCOTT RICE, P.J.,

TIMOTHY P. CANNON, J.,

concur.